■ MURIEL MILLIGAN, Respondent, v. HYCEL REALTY CORP., Appellant.— Order, entered on September 11, 1963, in personal injury negligence action, (1) denying plaintiff's motion to enter default judgment and assess damages, (2) denying defendant's motion to vacate service of process, (3) denying defendant's motion to dismiss the complaint pursuant to subdivision 1 of rule 302 of the Rules of Civil Practice, for failure to prosecute, and (4) granting defendant leave to move or answer with respect to the complaint, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of eliminating the leave granted defendant to move or answer with respect to the complaint and granting defendant's motion to dismiss the complaint for failure to prosecute, without costs, and the motion to dismiss the complaint for failure to prosecute is granted, without costs. The accident occurred March 5, 1959. Summons and complaint were allegedly personally served on February 25, 1961. In August, 1963, two and a half years later, plaintiff moved for entry of default judgment and for assessment of damages and defendant cross-moved to vacate service of process or, in the alternative, dismiss the complaint pursuant to subdivision 1 of rule 302 of the Rules of Civil Practice, now succeeded by subdivision (e) of section 3215 of the Civil Practice Law and Rules. Both of these provisions state that if the plaintiff fails " to take proceedings for the entry of judgment within one year" after the default, the complaint shall be dismissed " without costs ° ° ° unless sufficient cause is shown why the complaint should not be dismissed." Plaintiff attempts to excuse the years of delay by alleging that a letter was sent to defendant on May 15, 1961 requesting an answer, that shortly thereafter a response was received by telephone stating that the answer would be forthcoming, that a secretary erroneously entered the telephone call in her diary as a submitted answer in the case, that the secretary left the employ of plaintiff's attorney, and that the error was not discovered until 1963. The only indication in the record concerning the underlying facts or the merits of the action is contained in a lawyer's affidavit. It avers that plaintiff, while in defendant's premises, fell " on a dilapidated circular staircase, the steps of which were lined with slippery treads, with each tread containing numerous circular raised metal protrusions." The case lacks merit. Even if the answer had arrived at the time the secretary noted, the delay would be inexcusable. Moreover, secretarial error is insufficient excuse. The complaint should have been dismissed (see *Sortino* v. *Fisher,* 20 A D 2d 25). Concur — Breitel, J. P., Rabin, Valente, Stevens and Bergan, JJ.