■ In the Matter of LOUIS J. LEFKOWITZ, Attorney-General of the State of New York, on Behalf of the PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAJOS LAUFER et al., Individually and Doing Business as HERBERT H. LEHMAN HOSPITAL FUND, Appellants.— Order, entered on May 28, 1964, denying respondents' motion to open their default and set aside the judgment for $2,000 costs, unanimously modified, on the law, the facts and in the exercise of discretion, so as to reduce the amount of the judgment for costs to $1,000, and, as so modified, affirmed, without costs or disbursements. Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.

■ ELLEN HERZBRUN et al., Respondents, v. LOUIS P. LEVINE, Appellant.— Order, entered on December 21, 1964, unanimously affirmed, without costs and without disbursements. No opinion. Order, entered on December 21, 1964, denying defendant-appellant's motion pursuant to CPLR 3215 (subd. [c]) for an order dismissing the complaint as abandoned, unanimously reversed, on the law and on the facts and in the exercise of discretion, without costs and without disbursements, the motion granted, and the complaint dismissed. Since plaintiffs failed to take proceedings for the entry of judgment within one year after defendant-appellant's default in pleading, dismissal of the complaint was required unless "sufficient cause" was shown why it should not be dismissed (CPLR 3215, subd. [c]). By way of excuse, however, plaintiffs offer nothing but a general statement that shortly after the action was commenced they were forced to move to West Germany, where they took up permanent residence, and inadvertently lost contact with their attorney. Furthermore they make no showing at all that their cause of action has merit. In the circumstances the motion to dismiss should have been granted (*Milligan* v. *Hycel Realty Corp.*, 20 A D 2d 527). Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.