Martin B. Stecher, J.
Each of these motions seeks the entry of judgment on default. The so-called supporting affidavit is identical in each case, and is a mimeographed form with the only typewritten matter being the names of the parties, dates and amounts. One of the affidavits, exclusive of the description of the affiant and the “ Wherefore ” clause, is quoted in its entirety: ‘ ‘ That heretofore and on the 15th day of March 1968, suit was commenced against the defendant, Clyde Salvato, by service of a summons in the sum of $74.71. That through an error in the company’s office the entry of judgment herein was delayed.”
*873 Applications of this character and on these forms are on the motion calendar of this court almost daily. Their number are attested to by the plaintiff’s attorney’s need to reproduce these forms in volume. The forms do not entitle the movants to the relief sought.
In the Salvato case, some two years appear to have elapsed since the service of the summons. Presumably, there was a default in pleading; but the “ affidavit ” does not say. If there was a default, plaintiff was obligated to enter judgment within a year of the default or face dismissal of the action by the court “ as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed.” (CPLR 3215, subd. [c]; emphasis supplied.)
The public policy behind the statute is clear: “To prevent plaintiffs from unreasonably delaying the termination of an action.” (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3215; see, also, Thirteenth Annual Report of N. Y. Judicial Council, 1947, p. 215.) In some cases the excuse offered is insufficient. (Herzbrun v. Levine, 23 A D 2d 744.) Here the attorneys did not even bother to offer one; nor do they offer any affidavit of merits (Milligan v. Hycel Realty Corp., 20 A D 2d 527). As the court points out in the Milligan case, delays in • proceeding to judgment stand on the same footing as failing to prosecute an action (Sortino v. Fisher, 20 A D 2d 25) (cf. 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3215.13 et seq.).
The motions are denied and the actions are dismissed as of the 1st day of June, 1970 unless prior to that date “ sufficient cause is shown why the complaint should not be dismissed” and an order to such effect be made.