Beatrice Shaikswit, J.
This is a motion to dismiss a complaint in a negligence action for failure of prosecution. The motion is based on plaintiff’s omission, for more than a year, to enter a default judgment against the only one of four codefendants who failed to answer the complaint. The defaulting codefendant moves under CPLR 3215 (subd. [c]), which directs the relief sought ‘ ‘ unless sufficient cause is shown why the complaint should not be dismissed. ”
On the law and the facts, and in the exercise of its discretion, the court determines that there is sufficient cause why this complaint should not be dismissed. It is true that, in the usual case, ‘ ‘ sufficient cause ’ ’ has been held to refer to the requirements for an affidavit of merit, plus substantial excuse for delay, set up in Sortino v. Fisher (20 A D 2d 25; see Herzbrun v. Levine, *64 23 A D 2d 744 [1st Dept., 1965]; Milligan v. Hycel Realty Corp., 20 A D 2d 527 [1st Dept., 1963]; Employees Liab. Corp. v. Zolfo Mdsg., 62 Misc 2d 872 [Civ. Ct. of City of N. Y., 1970]). However, a negligence case involving multiple defendants raises entirely different problems. To require plaintiff in such a case to enter a judgment against one of the defendants who has defaulted may well impale him on the horns of a dilemma. A default judgment entails an inquest, and obviously not one for a sum definite and certain. Plaintiff would, therefore, be forced, in a sense, to try his case twice — iw¡ter alia, to put in a prima facie showing of negligence, freedom from contributory negligence, and the elements of his damages — thereby (1) giving the codefendants a preview of his case, (2) placing a double burden of work on his counsel, (3) perhaps requiring him to produce his medical witnesses in advance of trial, and (4) in effect, waiving his right of trial by jury.
The statutory requirement for entering default judgment within a year was not designed for any such purpose. The legislative intent was, of course, to avoid inquests in stale cases — ‘ ‘ to prevent plaintiffs from unreasonably delaying the termination of an action.” (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3215, p. 884; see, also, Thirteenth Annual Report of N. Y. Judicial Council, 1947, p. 215).
Obviously, this is not such a situation, where the other defendants have answered, bills of particulars have been provided, and indeed the case has been noticed for trial. Dismissal of the complaint in such a situation would be wholly unfair to plaintiff, particularly in this case, where he was an infant at the time of the accident. The motion to dismiss is therefore denied.
On the other hand, in the interests of justice, and even though defendant has made no showing of a meritorious defense, nevertheless the court will exercise its discretion on all of the facts, and considering defendant’s, prayer “ for such other and further relief as to this Court may seem just and proper,” and hereby affords the defendant an opportunity to serve responsive pleadings in this .action within 10 days after service of notice of the entry of this order. Such provision, however, shall in no way delay the trial of the action.