■ COLLEEN C. BALDWIN et al., Respondents, v ST. CLARE'S HOSPITAL, Defendant, and HERBERT F. GRETZ, JR., et al., Appellants.—Appeal from an order of Supreme Court at Special Term, entered May 16, 1977 in Schenectady County, which denied the cross motion of defendants, Lewis J. Marola and August C. Schwenk, for an order dismissing the complaint as abandoned. This is a medical malpractice action against Dr. Herbert F. Gretz, Jr., Dr. Lewis J. Marola, Dr. August C. Schwenk and St. Clare's Hospital for their alleged negligence following the delivery on August 6, 1971 of plaintiffs' child by leaving a gauze surgical sponge in the vagina of plaintiff, Colleen C. Baldwin, and by failing to detect it or remove it until August 13, 1971. The last date of care and treatment occurred in September, 1971. During the treatment of Mrs. Baldwin, the defendant doctors practiced medicine together in the same office. The affidavit of plaintiffs' attorney sets forth that the summons in the action was delivered to the Sheriff of Schenectady County on August 7, 1974, and that such delivery extended the Statute of Limitations for a period of 60 days. Affidavits of service of the summons on defendants, Marola and Schwenk, on October 29, 1974, were submitted. Defendants Marola and Schwenk did not serve answers or notices of appearance. CPLR 3215 (subd [c]) provides, in part: "If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss complaint as abandoned * * * unless sufficient cause is shown why the complaint should not be dismissed." Plaintiffs' attorney asserts that "a variety of proceedings, motions and papers were served" following the commencement of the action. While it is a fact that an examination before trial was held of defendant, Gretz, and bills of particulars directed to his involvement in the alleged malpractice were served, no motions or proceedings were brought against defendants, Marola and Schwenk, and the bills of particulars were not directed to, or served on said defendants. Plaintiffs have shown no legally justifiable excuse for their failure to take proceedings against Marola and Schwenk within one year after their default allegedly occurred or for their failure to include them in such proceedings that were undertaken (Keyes v McLaughlin, 49 AD2d 974). In addition, plaintiffs have submitted no showing that their cause of action against Marola and Schwenk has merit (Herzbrun v Levine, 23 AD2d 744; Milligan v Hycel Realty Corp., 20 AD2d 527; Employers Liab. Assur. Corp. v Zolfo Merchandising, 62 Misc 2d 872). By reason of their failure to show sufficient cause why the complaint should not be dismissed, the order appealed from relative to defendants Marola and Schwenk should be reversed, and the complaint

dismissed as to them. Order modified, on the law and the facts, by reversing so much thereof as denied the cross motion of defendants Marola and Schwenk to dismiss the complaint; cross motion granted and complaint, as to them, dismissed, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Staley, Jr., Larkin and Mikoll, JJ., concur.