■ JUANA VALENTIN, Respondent, v MILTON RINDER et al., Appellants.— Order of the Supreme Court, Bronx County, entered February 27, 1978, denying defendants' motion to dismiss plaintiff's action for failure to serve a timely complaint pursuant to CPLR 3012 (subd [b]), or alternatively, to dismiss the action for failure to prosecute pursuant to CPLR 3215 (subd [c]), unanimously reversed, on the law and on the facts, and the complaint dismissed, without costs and disbursements. It appears that plaintiff served defendant's prior counsel with a copy of the complaint on June 28, 1974, pursuant to defendants' demand and in compliance with CPLR 3012 (subd [b]). Defendants did not, however, interpose an answer. Nevertheless, plaintiff failed to move for entry of default judgment until November, 1977, after the one-year period prescribed by CPLR 3215 for taking such proceeding subsequent to the default had expired. Accordingly, under the provisions of CPLR 3215 (subd [c]), the court was required to dismiss the complaint as abandoned, unless " 'sufficient cause' * * * why [the complaint] should not be dismissed" was shown (Herzbrun v Levine, 23 AD2d 744). In order to demonstrate "sufficient cause", it was necessary for plaintiff to present a valid excuse for her delay in proceeding with the action and to evidence a meritorious claim (see Sortino v Fisher, 20 AD2d 25, 32; Milligan v Hycel Realty Corp., 20 AD2d 527). Plaintiff has done neither. The excuse offered by plaintiff for the delay is insufficient. The allegations of plaintiff's attorney that repeated, unsuccessful attempts were made to obtain an answer from defendant are not supported in any substantive manner. The first such indication in the record appears as of June, 1977, when plaintiff sent defendants a second copy of the complaint, three years after defendants' default in pleading. Although plaintiff may not have been served with a copy of the order entered May 21, 1976 substituting defendants' present counsel for defendants' prior counsel, nevertheless there is nothing in the record to show that plaintiff made any effort to ascertain the reason communications to defendants' counsel before that date (defendants' prior counsel) were unanswered. "The duty of prosecuting [an] action rests upon the [person] who brings it, not [the party] who defends it" (Sortino v Fisher, supra, p 30). Plaintiff has not fulfilled this obligation. There is no affidavit in the record showing by evidentiary detail a meritorious cause of action (Sortino v Fisher, supra, pp 31-32). Concur—Birns, J. P., Silverman, Evans, Fein and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUZ BAEZ, Appellant.—Judgment of the Supreme Court, New York County, rendered January 19, 1976, unanimously affirmed. Application by appellant's counsel, pursuant to Anders v California (386 US 738) and People v Saunders (52 AD2d 833), to withdraw as counsel, denied. Although counsel sees no meritorious arguments on this appeal, we disagree and do find that arguable, nonfrivolous issues have been raised. Consequently, we deny counsel's motion to withdraw. Nevertheless, after considering these arguable issues, we find insufficient grounds for reversal. Concur—Kupferman, J. P., Lupiano, Fein and Sullivan, JJ.