■ JOHN WINKELMAN et al., Respondents, v H & S BEER AND SODA DIScounts, INC., Appellant, et al., Defendants. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, etc., defendant H & S Beer and Soda Discounts, Inc., appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated September 17, 1981, which denied its motion to, *inter alia,* dismiss the action against it pursuant to CPLR 3215 (subd [c]), upon the ground of the plaintiffs' failure to enter judgment against it within one year of its default in appearing. Order reversed, on the law and the

facts, without costs or disbursements, that branch of appellant's motion which sought to dismiss the action against it for failure to enter judgment within one year of its default granted, so much of a prior order of the Supreme Court, Dutchess County (Jiudice, J.), dated May 27, 1981, as granted plaintiffs leave to enter a default judgment against appellant vacated, and action dismissed as against appellant H & S Beer and Soda Discounts, Inc. On July 6, 1979, plaintiffs commenced the instant action against appellant H & S Beer and Soda Discounts, Inc., by service of a summons with notice upon the Secretary of State, pursuant to section 306 of the Business Corporation Law. The notice provisions of that summons complied with the requirements of CPLR 305 (subd [b]). Appellant did not serve a notice of appearance. Nevertheless, plaintiffs did not move to enter a default judgment against appellant until on or about April 28, 1981. Their motion was granted by order of the Supreme Court, Dutchess County, dated May 27, 1981. Thereafter, appellant made a motion to, *inter alia,* dismiss the action against it pursuant to CPLR 3215 (subd [c]), upon the ground that plaintiffs had failed to take proceedings to enter judgment against it within one year of its default in appearing. Since plaintiffs failed to take proceedings to enter a default judgment against appellant within one year of its default, Special Term was required to dismiss the action against appellant as abandoned unless sufficient cause was shown why the action should not have been dismissed (CPLR 3215, subd [c]; see *Valentin v Rinder,* 65 AD2d 716; *Baldwin v St. Clare's Hosp.,* 63 AD2d 761). A review of the record indicates that plaintiffs have not shown a legally justifiable excuse for their failure to take proceedings against appellant within one year after its default. In addition, there is no affidavit in the record containing an evidentiary showing that the cause of action against appellant is meritorious. "The duty of prosecuting [an] action rests on the [persons] who [bring] it, not [the party] who defends it" (*Sortino v Fisher,* 20 AD2d 25, 30). Accordingly, that branch of appellant's motion which sought to dismiss the action against it pursuant to CPLR 3215 (subd [c]), should have been granted. Gibbons, J. P., O'Connor, Rubin and Boyers, JJ., concur.