■ CROSSLY BUILDING PRODUCTS, DIV. OF BUILDEX, INC., Appellant, v PAUL BAKUN, Respondent. — In an action to recover damages predicated upon an alleged fraudulent conveyance, plaintiff appeals from a judgment of the ·Supreme Court, Nassau County (Wager, J.), entered January 11, 1983, which dismissed the complaint. Judgment affirmed, without costs or disbursements. On the entire record, we conclude that the judgment in favor of the defendant was justified. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.

■ JOSEPH DE LEO, Respondent, v PETER N. BERTUCCI, Appellant. — In an action to foreclose a mortgage, defendant appeals from an order of the Supreme Court,. Nassau County (Levitt, J.), entered October 1, 1982, which denied his motion to vacate a default judgment. Order affirmed, without costs or disbursements. While recent amendments to the CPLR have empowered the courts to exercise their discretion to excuse defaults resulting from law office failure (CPLR 2005, 3012; L 1983, ch 318), the amendments by no means guarantee that a default will be excused in all cases. On this record, defendant's conduct demonstrated a lengthy and deliberate pattern of delay which was without explanation. Since defendant was an attorney appearing *pro se,* the results of his dilatory conduct will fall, not upon an innocent client, but only upon himself. Accordingly, we conclude that, in a proper exercise of discretion, the default judgment should stand. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.

■ CHARLES A. DEL VECCHIO, Appellant, v ROSEANNE DEL VECCHIO, Respondent. — In a matrimonial action, the plaintiff husband appeals from an order of the Supreme Court, Suffolk County (McCarthy, J.), dated July 20, 1982, which denied his motion to vacate a judgment previously entered against him. The appeal brings up for review so much of an order of the same court, dated August 17, 1982, as, upon granting reargument, adhered to the prior determination (CPLR 5517, subd [b]). Appeal from the order dated July 20, 1982 dismissed. That order was superseded by the order granting reargument. Order dated August 17, 1982, affirmed insofar as reviewed. No opinion. Defendant is awarded one bill of costs. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.