■ ANAMARIA GROSSO, Respondent, v NORMAN HAUCK et al., Appellants. — In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Kings County (Pino, J.), dated February 10, 1982, which, *inter alia,* denied their motion to dismiss the action for failure to serve a complaint. Order reversed, as a matter of discretion, with costs, and defendants' motion to dismiss the action granted. In this negligence action, a summons was served in August, 1978, and a notice of appearance was interposed in November, 1978. Claiming that they received no complaint, defendants moved in June, 1981 for dismissal. In a cross motion for a default judgment, plaintiff's attorney alleged that the complaint was served in June, 1979, attaching an affidavit of service, and argued that the delay in moving for a default judgment was attributable to an office burglary which resulted in the mistaken placement of the file in storage. Special Term denied both motions, directing plaintiff to serve her complaint within 10 days of the date of the order. Since plaintiff failed to move for a default judgment within one year after the defendants' default in answering (CPLR 3215, subd [c]), she was required to demonstrate the merits of her cause of action and an excuse for the delay (*Winkelman v H & S Beer & Soda Discounts,* 91 AD2d 660). While the verified complaint which accompanied her cross motion was sufficient as an affidavit of merit (see CPLR 3215, subd [e]), the excuse of a misplaced file can only be characterized as law office failure (see *Eaton v Equitable Life Assur. Soc.,* 56 NY2d 900). Notwithstanding this court's discretion to excuse defaults resulting from law office failure in the interests of justice, the recent amendments to the CPLR (CPLR 2005, 3012, subd [d], L 1983, ch 318), do not guarantee that a default will be excused in all cases (see *De Leo v Bertucci,* 98 AD2d 708; *Bernard v City School Dist.,* 96 AD2d 995). Based on the lengthy delay and the unacceptable excuse proffered by plaintiff's counsel, we exercise our discretion to dismiss the action. Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.