OPINION OF THE COURT
Joseph J. Dowd, J.
Upon the foregoing papers, th§ plaintiffs in this personal injury action move for an order granting permission to file an affidavit of substituted service of the summons and complaint, nunc pro tunc, as of the date of the service and directing the entry of judgment and the assessment of damages in favor of the plaintiffs and against defendant Milford A. Dunbar, pursuant to CPLR 3215, on the ground that the said defendant has defaulted.
The defendant Milford A. Dunbar cross-moves for an order dismissing the plaintiffs’ complaint pursuant to CPLR 3215 (subd [c]) or in the alternative dismissing the action for failure of personal jurisdiction.
The accident which gave rise to the plaintiffs’ action occurred on January 9, 1979. The plaintiffs’ affidavit of substituted service of the summons and complaint pursuant to CPLR 308 (subd 2) alleges service on defendant *959 Dunbar on October 30, 1979. The defendant Dunbar asserts in an affidavit attached to the defendant’s cross motion, “I was neither served with the summons and complaint by mail, in person or in any other manner”.
CPLR 3215 (subd [c]) provides, in part: “If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed.”
The plaintiffs argue, in opposing the defendant’s cross motion to dismiss the action pursuant to CPLR 3215 (subd [c]), that the statute has no application, where, as in the case at bar, the defendant was never in default, because no proof of substituted service was filed with the clerk of the court, as required by CPLR 308 (subd 2). No authority has been cited by the plaintiffs to support this argument and the court has found no case on the issue. While it is true that under CPLR 308 (subd 2) there can be no default on the part of the defendant until proof of service has been filed by the plaintiff, the court disagrees with the plaintiff’s contention on the basis of the clear public policy behind CPLR 3215 (subd [c]).
The purpose of the Legislature in enacting CPLR 3215 (subd [c]) “was to prevent plaintiffs from unreasonably delaying the termination of an action” (see McKinney’s Cons Laws of NY, Book 7B, Legislative Studies and Reports to CPLR 3215, p 884; also Employers Liab. Assur. Corp. v Zolfo Merchandising, 62 Misc 2d 872, 873). Upon the service of a summons, an action is commenced and jurisdiction is acquired, irrespective of the filing of proofs thereof (Copper v Prokos, 51 Misc 2d 751;Hudela v Posner, 70 Misc 2d 726, 727; see, also, Reporter Co. v Tomicki, 60 AD2d 947).
In the court’s opinion, the obligation of a plaintiff not to unreasonably delay the termination of the action is the same once jurisdiction has been acquired irrespective of whether he has diligently filed an affidavit of service as required by CPLR 308 (subd 2) or failed to do so. To decide otherwise would reward carelessness and emasculate the *960 statute (CPLR 3215, subd [c]). In the case at bar, the plaintiff failed to file proof of substituted service as required by CPLR 308 (subd 2), and failed to take proceedings to enter judgment until the present motion, more than four years after jurisdiction was allegedly acquired over defendant Dunbar.
Accordingly, under the provisions of CPLR 3215 (subd [c]) the court is required to dismiss the complaint as abandoned unless “sufficient cause” is shown why the complaint should not be dismissed (Winkelman v H & S Beer & Soda Discounts, 91 AD2d 660, 661; Valentin v Rinder, 65 AD2d 716; Baldwin v St. Clare’s Hosp., 63 AD2d 761). In order to demonstrate “sufficient cause” it is necessary for the plaintiff to present a valid excuse for the delay in proceeding with the action and to evidence a meritorious claim (Winkelman v H & S Beer & Soda Discounts, supra; Valentin v Rinder, supra). In the case at bar, the plaintiff has failed to present a valid excuse for the delay in proceeding with the action or an affidavit of merit.
For the reasons stated, the plaintiffs’ motion is denied and the cross motion of the defendant Dunbar is granted and the plaintiffs’ complaint is dismissed as abandoned pursuant to CPLR 3215 (subd [c]).