■ DOLORES MONZON, Appellant, v SONY MOTOR, INC., Respondent, et al., Defendant.—In a negligence action to recover damages for personal injuries, plaintiff appeals (1) from an order of the Supreme Court, Richmond County (Rubin, J.), dated May 11, 1983, which denied her motion for entry of a default judgment and granted defendant Sony Motor Inc.'s (Sony) cross motion to dismiss the action against it pursuant to CPLR 3215 (c) for plaintiff's failure to enter judgment against it within one year of its default in appearing, and (2) as limited by her brief, from so much of a further order of the same court, dated August 8, 1983, as, upon reargument, adhered to its original determination.

Appeal from the order dated May 11, 1983 dismissed. That order was superseded by the order dated August 8, 1983, made upon reargument.

Order dated August 8, 1983 affirmed, insofar as appealed from.

Respondent is awarded one bill of costs.

On November 16, 1979, plaintiff commenced the instant action against Sony by service of a summons with notice upon the Secretary of State pursuant to Business Corporation Law § 306. Sony defaulted in its appearance. Plaintiff did not move to enter a default judgment until on or about March 9, 1983, more than three years after Sony's default. Sony cross-moved to dismiss the action against it upon the ground that plaintiff had failed to take proceedings to enter a default judgment within one year after its default in appearing *(see,* CPLR 3215 [c]).

Since plaintiff failed to seek a default judgment within one year, she was required to demonstrate the merits of her cause of action and an excuse for the delay *(see, Grosso v Hauck,* 99 AD2d 750; *Winkelman v H & S Beer & Soda Discounts,* 91 AD2d 660). The only excuse proffered by plaintiff for her failure to take proceedings against Sony within one year after its default is that the issue of insurance coverage remained unresolved and Sony's insurance carrier had misled plaintiff

into believing it would appear on Sony's behalf. At the earliest, plaintiff demonstrated concern with this issue on or about August 17, 1981, when she mailed to Sony's insurance carrier a copy of the summons with notice and demanded a notice of appearance. About 20 months elapsed between Sony's default and the mailing to Sony's insurance carrier. Therefore, plaintiff's time to enter a default judgment with the Clerk had already expired. An excuse which matures after the expiration of the statutory limit for entering a default judgment with the Clerk is legally insufficient to justify a plaintiff's failure to enter the default judgment. Accordingly, Special Term properly granted Sony's cross motion to dismiss the action as to it *(see, Perricone v City of New York,* 62 NY2d 661; *Finan v Queens Tr. Corp.,* 100 AD2d 951). Lazer, J. P., Thompson, O'Connor, Rubin and Kunzeman, JJ., concur.