■ BOOKER T. SANDERS, Appellant, v MARINO FALCONE BRICK CONTRACTING, INC., Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jones, J.), dated January 23, 1985, which granted the defendant's motion to dismiss the complaint as abandoned, pursuant to CPLR 3215 (c), and denied his cross motion to compel the defendant to serve an answer.

Ordered that the order is affirmed, without costs or disbursements.

Since the appellant failed to move for leave to enter a default judgment within one year after the defendant's default in answering (CPLR 3215 [c]), he was required to demonstrate the merits of his cause of action and an excuse for the delay

*(see, Valentin v Rinder,* 65 AD2d 716). Although the appellant's affidavit suffices to demonstrate a meritorious claim, the proffered excuse constitutes law office failure. "Notwithstanding [a] court's discretion to excuse defaults resulting from law office failure in the interests of justice, the * * * amendments to the CPLR (CPLR 2005, 3012, subd [d], L 1983, ch 318), do not guarantee that a default will be excused in all cases" *(Grosso v Hauck,* 99 AD2d 750). Based on the lengthy delay and unacceptable excuse proffered by the appellant's counsel, Special Term did not abuse its discretion in dismissing the action *(Grosso v Hauck, supra; Montalvo v Nel Taxi Corp.,* 114 AD2d 494, *appeal dismissed* 68 NY2d 643). It is noteworthy that the interests of justice do not warrant vacatur of the appellant's default, as the dismissal of the complaint herein was not on the merits and, therefore, has no affect upon this court's prior decision in a related but separate action, granting leave to the appellant to amend his complaint to name the respondent, the third-party defendant fourth-party plaintiff in that action, as a direct defendant *(see, Matter of Sanders v Samsol Homes,* 121 AD2d 526). Brown, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.