■ DENISE A. MORTON, Respondent, v RONALD C. MORTON, Appellant.—Order insofar as appealed from unanimously reversed on the law without costs, defendant's cross motion granted and complaint dismissed without prejudice, in accordance with the following memorandum: CPLR 3215 (c) requires Special Term to dismiss a complaint as abandoned when plaintiff fails to take proceedings for the entry of judgment within one year after default, "unless sufficient cause is shown" *(see, Taylor v Edison Parking Corp.,* 128 AD2d 605; *Monzon v Sony Motor,* 115 AD2d 714; *Grosso v Hauck,* 99 AD2d 750; *Winkelman v H & S Beer & Soda Discounts,* 91 AD2d 660; *Valentin v Rinder,* 65 AD2d 716; *Baldwin v St. Clare's Hosp.,* 63 AD2d 761). In order to demonstrate "sufficient cause", plaintiff was required to present a valid excuse for her delay in proceeding with the action and to demonstrate a meritorious claim *(Taylor v Edison Parking Corp., supra; Monzon v Sony Motor, supra; Valentin v Rinder, supra; Baldwin v St. Clare's Hosp., supra).* On this record, plaintiff

has failed to do either. The only excuse offered by plaintiff for her failure to enter a default judgment within the statutory one-year period was that she did not know the whereabouts of defendant following his disappearance and thus was unable to obtain a financial affidavit from him as required by Domestic Relations Law § 236 (B) (4). Domestic Relations Law § 236 (B) (4), however, only requires compulsory disclosure by both parties of their respective financial status in all matrimonial actions in which alimony, maintenance or support is "in issue". Since defendant defaulted in appearing, there was nothing "in issue" and nothing prevented plaintiff entering a judgment by default. Moreover, the affidavit submitted by plaintiff in opposition to defendant's cross motion to dismiss failed to demonstrate that her cause of action was meritorious. (Appeal from order of Supreme Court, Cattaraugus County, Feeman, J.—dismiss complaint.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.