■ NICHOL TURNER, as Administratrix of the Estate of ROBERT TURNER, JR., Deceased, and as Parent and Natural Guardian of LISA M. TURNER and Another, Infants, Appellant, v ROBERT TURNER, SR., Respondent, et al., Defendants. (Action No. 1.) NICHOL TURNER, as Administratrix of the Estate of ROBERT TURNER, JR., Deceased, and as Parent and Natural Guardian of LISA M. TURNER and Another, Infants, Plaintiff, v MERCHANTS MUTUAL INSURANCE COMPANY et al., Defendants. (Action No. 2.) (Appeal No. 1.) [629 NYS2d 138] —Order unanimously affirmed without costs. Memorandum: Plaintiff served a complaint against defendant Robert Turner, Sr. (Turner) in August 1986 and an amended complaint against him in February 1987. Turner failed to answer either the original or amended complaint, but plaintiff did not move for a default judgment until

November 1993, almost seven years after service of the amended complaint. Supreme Court properly dismissed the complaint against Turner as abandoned *(see, Sanders v Marino Falcone Brick Contr.,* 133 AD2d 342, 343).

If a plaintiff "fails to take proceedings for the entry of judgment within one year after [a] default", the complaint will be dismissed as abandoned unless plaintiff can establish that (1) the failure to seek a default judgment within one year after the default is excusable and (2) the cause of action is meritorious (CPLR 3215 [c]; *see, Blades v Butler Cab Corp.,* 176 AD2d 698, 699, *lv dismissed* 79 NY2d 851; *Memorial Hosp. v Wilkins,* 143 AD2d 494; *Morton v Morton,* 136 AD2d 902; *Sanders v Marino Falcone Brick Contr., supra).* The contention of plaintiff that her delay in prosecuting the action is excusable because she and Turner had entered into a stipulation extending Turner's time to answer the complaint is without merit. In order for the purported stipulation extending Turner's time to answer to be given effect it must have been in writing and signed by the parties or their attorneys, or reduced to the form of an order and entered *(see,* CPLR 2104; *Dobbins v County of Erie,* 58 AD2d 733). No such stipulation appears in the record. The other proffered excuses for plaintiff's delay in prosecuting the action are conclusory, irrelevant or unsupported by the record.

In light of our determination, we do not reach plaintiff's other contention. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Labor Law.) Present—Pine, J. P., Lawton, Wesley, Callahan and Boehm, JJ.