■ KEVIN O'CONNELL, Appellant, v KILDAIRE, INC., et al., Respondents. [630 NYS2d 258] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated March 23, 1994, as granted the separate cross motions of the defendants to dismiss the complaint pursuant to CPLR 3215 (c), and (2) so much of an order of the same court, dated April 26, 1994, as upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 23, 1994, is dismissed, as that order was superseded by the order dated April 26, 1994, made upon reargument; and it is further,

Ordered that the appeal from so much of the order dated April 26, 1994, as granted the cross motion of the defendant Kildaire, Inc., is withdrawn upon the parties' stipulation; and it is further,

Ordered that the order dated April 26, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant Michael Yodice is awarded one bill of costs.

The Supreme Court did not improvidently exercise its discretion in dismissing the complaint pursuant to CPLR 3215 (c). While a court has discretion to excuse defaults resulting from "law office failure" in the interests of justice *(see,* CPLR 2005, 3012 [d]), the proffered excuse of "law office failure" in the case at bar was unacceptable *(see, Sanders v Marino Falcone Brick Contr.,* 133 AD2d 342; *Grosso v Hauck,* 99 AD2d 750). Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.