■ LAURIE WINFIELD, Appellant, v CHRISTOPHER GARENANI, Respondent. [666 NYS2d 931] —In an action, *inter alia,* to recover damages for intentional tort, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated October 30, 1996, which denied her motion for leave to enter a default judgment against the defendant and dismissed the complaint, and (2), as limited by her brief, from so much of an order of the same court, entered April 9, 1997, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated October 30, 1996, is dismissed, as that order was superseded by the order entered April 9, 1997, made upon reargument; and it is further,

Ordered that the order entered April 9, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

Since the plaintiff failed to move for leave to enter a default judgment within one year after the defendant's default in answering the complaint (*see,* CPLR 3215 [c]), she was required to demonstrate the merits of her cause of action and an excuse for the delay (*see, Sanders v Marino Falcone Brick Contr.,* 133 AD2d 342). While a court has discretion to excuse defaults resulting from "law office failure" in the interests of justice (*see,* CPLR 2005, 3012 [d]), based on the lengthy delay in bringing this motion and the unacceptable excuse proffered by the plaintiff's counsel, we find that the Supreme Court providently exercised its discretion in dismissing the complaint (*see, Correa v Ahn,* 205 AD2d 575; *Grosso v Hauck,* 99 AD2d 750). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.