■ Concetta Piccirillo et al., Respondents, v Nachum Y. Greenspan, Appellant. [738 NYS2d 224] —In an action to recover damages for personal injuries etc., the defendant appeals from so much of an order of the Supreme Court, Kings County (Gigante, J.), dated April 12, 2001, as denied his application to dismiss the complaint pursuant to CPLR 3215 (c) and directed him to serve an answer.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the application is granted, and the complaint is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

In opposition to the plaintiffs' motion for leave to enter a default judgment, the defendant made an application to dismiss the complaint pursuant to CPLR 3215 (c) because the plaintiffs failed to take proceedings for the entry of a judgment within one year after the default. To avoid such a dismissal, a plaintiff must offer a reasonable excuse for the delay and demonstrate

the merits of the complaint (*see,* CPLR 3215 [c]; *Akler v Booth Mem. Med. Ctr.,* 257 AD2d 640; *Winfield v Garenani,* 246 AD2d 537; *Richards v Lewis,* 243 AD2d 615). Here, the plaintiffs failed to offer a reasonable excuse for their delay (*see, Rafiq v Weston,* 171 AD2d 783; *Monzon v Sony Motor,* 115 AD2d 714), or demonstrate a meritorious action. Thus, the complaint should have been dismissed. Altman, J.P., Smith, Krausman, McGinity and Cozier, JJ., concur.