OPINION OF THE COURT
William J. Giacomo, J.
Factual and Procedural Background
Plaintiff commenced this action on May 28, 2010 seeking to recover $3,734.63 pursuant to a revolving credit card agreement. Defendant was served, pursuant to CPLR 308 (4), on June 16, 2010. Thereafter, on June 28, 2010, plaintiff filed the affidavit of service in Yonkers City Court rather than with the Westchester County Clerk as required by the CPLR. Defendant neither answered nor appeared by July 16, 2010 and, thus, defaulted in appearing in this action.
In the fall of 2010, plaintiff attempted to obtain a default judgment from the Westchester County Judgment Clerk. On October 6, 2010, plaintiffs submission was rejected because the affidavit of service was not filed with the Westchester County Clerk. On October 28, 2010, plaintiff filed the affidavit of service with the Westchester County Clerk.
On May 20, 2011, plaintiffs second attempt to obtain a judgment by default was rejected by the Westchester County Clerk; this time the reason was that the affidavit of service was not filed with the Westchester County Clerk within 20 days after service as set forth in CPLR 308 (4).
Now, on October 11, 2011, almost 15 months after defendant defaulted in appearing or answering, plaintiff moves for leave to file the affidavit of service nunc pro tunc and for a default judgment against defendant.
Discussion
The relevant statutory provision in this case is CPLR 3215 (c) which provides that
“[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed.” (Emphasis added.)
The issue presented in this case is whether plaintiff failed to “take proceedings” within one year of defendant’s default. While plaintiff attempted to seek entry of a default judgment on *188 two separate occasions plaintiffs application was rejected each time by the Judgment Clerk. It is important to note, when the Judgment Clerk rejected plaintiffs application for a default in May of 2011, plaintiff still had several months to make this motion seeking leave to file the affidavit of service nunc pro tunc and for the entry of a default judgment. Plaintiff, however, did not make this application until 15 months after defendant’s default.
In researching what the legislature meant when using the term “take proceedings” under the statute, the court found very little case law to provide guidance. The few cases found on this issue are summarized below.
In Perricone v City of New York (62 NY2d 661 [1984]), the Court of Appeals affirmed an order of the Appellate Division, Second Department, which dismissed plaintiff’s complaint for failure to timely move for a default judgment pursuant to the CPLR. In Perricone, plaintiff served his complaint upon defendant on May 17, 1971 and the defendant never answered. During the more than 10 years which elapsed since the action was commenced, plaintiff made no attempt to obtain entry of a default judgment. The Court of Appeals found no legal error was made by the Appellate Division.
In Myers v Slutsky (139 AD2d 709 [1988]), the Second Department reversed a lower court’s order which held that a defendant which submits an answer and discovery demands more than two years after default waives its right to move for dismissal of a complaint pursuant to CPLR 3215 (c). In Myers, the Second Department expressly found:
“CPLR 3215 (c) prevents a plaintiff from taking advantage of a defendant’s default where the plaintiff has also been guilty of inaction. The service of an answer and demand by a defendant, without taking advantage of the provisions of CPLR 3215 (c), constitutes a waiver of the benefits of that section, just as a plaintiff’s acceptance of an answer constitutes a waiver of a defendant’s default.” (139 AD2d at 710.)
More recently in Giglio v NTIMP, Inc. (86 AD3d 301, 307 [2d Dept 2011]) the Appellate Division stated:
“The policy behind CPLR 3215 (c) is to prevent parties who have asserted claims from unreasonably delaying the termination of actions, and to avoid inquests on stale claims (see Stocker v City of New *189 York, 72 Misc 2d 63, 64 [1972]; Employers Liab. Assur. Corp. v Zolfo Merchandising, 62 Misc 2d 872 [1970]).”
Therefore, the policy behind this statute is “to prevent plaintiffs from unreasonably delaying the termination of an action.” (Reyes v Dunbar, 124 Misc 2d 958, 959 [1984], quoting Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3215 [last available in 1992]; see also Thirteenth Annual Report of NY Judicial Council, 1947, at 215.)
In this case, plaintiff made two attempts to obtain a default judgment against defendant. However, these attempts failed due to plaintiff’s own errors or omissions in its handling of this case. Thus, as in Myers, plaintiffs own actions caused the delay in seeking a default judgment. Therefore, this court finds plaintiff did not “take proceedings” under CPLR 3215 (c) to obtain a judgment against defendant until it made this motion, 15 months after defendant’s default (see generally Amalgamated Bank of N.Y. v Washington, 30 Misc 3d 1235[A], 2011 NY Slip Op 50363[U] [Sup Ct, NY County 2011] [after the clerk of the court rejected the judgment, plaintiff’s attorneys made numerous requests to plaintiff for the missing documentation; however, plaintiff failed to provide the documents to its attorneys within a year of the default]).
Accordingly, since plaintiff failed to “take proceedings” within one year of defendant’s default, it is incumbent upon plaintiff to establish sufficient cause why its complaint should not be dismissed. Plaintiff, however, did not submit any explanation as to why it waited until October 2011 to make this motion when it was aware in May 2011, two months prior to the expiration of the one-year time period set forth in CPLR 3215 (c), that its second attempt to obtain a default judgment from the Judgment Clerk was rejected.
Notably, a motion court “providently exercise[s] its discretion in dismissing the complaint” if “[t]he plaintiff fail[s] to seek entry of a default judgment within one year following the defendant’s default in answering the complaint” and “the plaintiff fail[s] to make a showing of sufficient cause why the complaint should not be dismissed” (Ewart v Maimonides Med. Ctr., 239 AD2d 543, 544 [2d Dept 1997]).
The court notes that this case differs from a situation where a default judgment application is submitted to the judgment clerk before the expiration of the one-year default period, but the judgment clerk does not enter the judgment until after the *190 expiration of the one-year period. In such case, this court has held that plaintiff validly “t[ook] proceedings” for the entry of a judgment within one year of the default. The date of the entry of the default judgment by the clerk is not relevant for the purposes of CPLR 3215 (c).
Accordingly, the motion is denied and the action is dismissed.