Golden Eagle Capital Corp. v Paramount Mgt. Corp. (2016 NY Slip Op 06471)





Golden Eagle Capital Corp. v Paramount Mgt. Corp.


2016 NY Slip Op 06471


Decided on October 5, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2014-06546
 (Index No. 17821/09)

[*1]Golden Eagle Capital Corp., appellant, 
v
Paramount Management Corp., et al., defendants, Young Hoon Kang, et al., respondents.


Einig & Bush, LLP, New York, NY (Michael R. Bush and Dan M. Rice of counsel), for appellant.
Thomas G. Sherwood, LLC, Garden City, NY (Rebecca J. Waldren of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Lebowitz, J.), entered May 27, 2014, which granted that branch of the motion of the defendants Young Hoon Kang and Eun Ja Choi Kang which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and that branch of the motion of the defendants Young Hoon Kang and Eun Ja Choi Kang which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned is denied.
The Supreme Court improvidently exercised its discretion in granting that branch of the motion of the defendants Young Hoon Kang and Eun Ja Choi Kang which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. Although the plaintiff failed to seek leave to enter a default judgment within one year after the default by those defendants, it demonstrated a reasonable excuse for the delay and the existence of a potentially meritorious cause of action (see CPLR 3215[c]; Maspeth Fed. Sav. & Loan Assn. v Brooklyn Heritage, LLC, 138 AD3d 793; Countrywide Home Loans, Inc. v Brown 19 AD3d 638; Greenpoint Bank v Ginyard, 253 AD2d 451; Umlic-One, Inc. v Cahill Trust, 236 AD2d 390; cf. Baldwin v St. Clare's Hosp., 63 AD2d 761, 761).
DILLON, J.P., COHEN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court