| **Lugo v 1516 Beach Ave. Realty Corp.** |
| --- |
| 2025 NY Slip Op 31877(U) |
| January 8, 2025 |
| Supreme Court, Bronx County |
| Docket Number: Index No. 25796/2018E |
| Judge: Bianka Perez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX, PART 8**

----------------------------------------------------------------------X

JOAHNNA LUGO,

         Plaintiff

      -against-

1516 BEACH AVENUE REALTY CORP.,
ALFRED S. FRIEDMAN MANAGEMENT CORP.,
LUIS MANZO, MARINO NUNEZ a/k/a MARINO
MANZO,

         Defendants.

----------------------------------------------------------------------X

Index №. 25796/2018E

**Hon.**   **Bianka Perez**

   Justice Supreme Court

The following were read on this motion and cross motion (**Seq 3**) for **SUMMARY JUDGMENT** submitted on **April 11, 2024.**

| Notice of Motion - Exhibits and Affidavits Annexed | Nyscef No(s). 73-89, 113 |
|---|---|
| Cross-motion and Affirmation in Opposition and Exhibits | Nyscef No(s). 94-109, 115 |
| Reply Affidavit and Exhibits | Nyscef No(s). 116 |

    Upon the foregoing papers, defendants 1516 Beach Avenue Realty Corp (1516 Beach) and Alfred S. Friedman Management Corp. (Friedman Management) move for an Order pursuant to CPLR 3212, granting them summary judgment[1] on all claims asserted against them. Plaintiff opposes and cross moves for an order striking defendants' second and fourth affirmative defenses alleging comparative negligence and open and obvious. Plaintiff also moves for summary judgment in her favor and for spoliation sanctions. Defendants 1516 Beach and Friedman Management oppose plaintiff's cross motion.

    Plaintiff commenced this consolidated action[2] to recover for injuries allegedly sustained on November 23, 2017, at approximately 5:00 p.m., after plaintiff was struck by a window that fell from apartment seven of the property located at 1516 Beach Avenue in Bronx, New York (the premises), which is owned by defendant 1516 Beach. At the time of the incident, apartment seven, which is located on the second floor of the premises, was occupied by defendants Luis Manzo and Marino Nunez, and defendant Friedman Management managed the subject premises. At her deposition plaintiff testified that she was "walking to [her] car with her son" when "the window just came off from the building" striking her head and neck (NYSCEF Doc. 81, Exhibit 3 at 24). She had no recollection as to which portion of the window that fell struck her head (*Id.* at 24, 27).

---

[1]Defendants previously filed a motion for summary judgment which was denied "with leave to renew" via Decision and Order December 11, 2023, by Judge Leticia Ramirez on the basis that the motion was defective as the caption on the Notice of Motion omitted several of the Defendants (NYSCEF Doc. No. 72). Immediately after, movants refiled the motion on December 14, 2023, correcting the defect.
[2] A later filed action under index number 24687/2020E was fully consolidated into the instant action via decision and order dated March 5, 2021(NYSCEF Doc. No. 80, Exhibit E).

[* 1]

In support of their motion defendants annexed, among other things, the pleadings, the deposition transcripts of the plaintiff, defendants' property manager Mario McBeatch (McBeatch), and of superintendent Raul Vazquez (Vaquez), and a property profile for the premises.

### *Dismissal of Complaint Against Defendants Luis Manzo and Marino Nunez*

Preliminarily, CPLR 3215(c) provides that "if the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (*see*, *Herzbrun v. Levine*, 23 A.D.2d 744 [1st Dept 1965]; *Opia v. Chukwu*, 278 A.D.2d 394 [2nd Dept 2000]; *Sanders v. Marino Falcone Brick Contracting, Inc.*, 133 A.D.2d 342 [2nd Dept. 1987]). When a plaintiff fails to "pursue a default judgment within one year of the default in answering" and fails "to set forth a viable excuse for the delay and demonstrate a meritorious cause of action, dismissal of the underlying action as abandoned is required" (*Hoppenfeld v. Hoppenfeld*, 220 A.D.2d 302, 303, [1st Dept 1995]). Here, defendants Luis Manzo and Marino Nunez do not oppose either of the motions as they have not appeared in the action. Plaintiff moved for default judgement against defendants Luis Manzo and Marino Nunez, however, the motion was denied via Order dated May 13, 2021, by the Hon. Edgar Walker (*see*, NYSCEF Doc. No. 23). Since plaintiff has failed to seek entry of default judgment within one year of the default, dismissal of the action against defendants Luis Manzo and Marino Nunez as abandoned is required. Accordingly, the Court *sua sponte* dismisses the causes of action in the complaint asserted against defendants Luis Manzo and Marino Nunez.

### *Defendants' Motion for Summary Judgment*

The proponent of a summary judgment motion has the burden of submitting evidence in admissible form demonstrating the absence of any triable issues of fact and establishing entitlement to judgment as a matter of law (*Giuffrida v Citibank Corp.*, 100 NY2d 72 [2003]; *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Only when the movant satisfies its prima facie burden will the burden shift to the opponent "to lay bare his or her proof and demonstrate the existence of triable issues of fact" (*Alvarez*, 68 NY2d at 324; *Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Chance v Felder*, 33 AD3d 645, 645-646 [2d Dept. 2006]). When deciding a summary judgment motion, the court's role is solely to determine if any triable issues exist, not to determine the merits of any such issues (*see*, *Sillman v. Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). The court views the evidence in the light most favorable to the nonmoving party and gives the nonmoving party the benefit of all reasonable inferences that can be drawn from the evidence (*see*, *Negri v. Stop & Shop, Inc.*, 65 NY2d 625, 626 [1985]). If there is any doubt as to the existence of a triable issue, summary judgment should be denied (*see Rotuba Extruders, Inc. v. Ceppos*, 46 NY2d 223, 231 [1978]).

It is well settled that a premises owner has a duty to keep its property in a "reasonably safe condition, considering all of the circumstances including the purposes of the person's presence and the likelihood of injury"

2

[* 2]

(*Macey v. Truman*, 70 N.Y.2d 918 [1987]); *Basso v. Miller*, 40 N.Y.2d 233, 241 [1976]). To recover damages for a breach of this duty, plaintiff must demonstrate that the landlord created or had actual or constructive notice of the dangerous or defective condition (*Piacquadio v. Recine Realty Corp.*, 84 N.Y.2d 967, 969 [1994]; *Leo v. Mt St. Michael Academy*, 708 N.Y.S.2d 372 [1st Dep't 2000]). To constitute constructive notice, the defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit its discovery and remedy (*Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 837 [1986]).

In this case, movants failed to make a *prima facie* showing of entitlement to judgment as a matter of law. Movants' own submissions create questions of fact as to whether movants had notice that the window was defective or in need of repair, whether the falling of the window due to disrepair was reasonably foreseeable and whether any negligence on movants' part was a proximate cause of plaintiff's injuries (*see generally*, *Luria v. Osterhus*, 2018 N.Y. Slip Op. 30603(U), at 4 (N.Y. Sup. Ct. 2018). Here, McBeatch testified that on November 23, 2017, movants did not specifically have a system to inspect the windows, but "conduct[ed] . . . unit inspections" that did not "just entail the windows" (NYSCEF Doc. No. 82, Exhibit G at 25). However, he testified that he had no recollection of ever inspecting the specific window that fell, and that the tenants in the apartment never indicated that they had a problem sliding the window that fell (*Id.* at 42, 87). Moreover, superintendent Vasquez testified that during the 12 years he has worked in the premises, he saw that work and maintenance in the building's windows was conducted, including on apartment seven, but could not say when (NYSCEF Doc. No. 83, Exhibit H at 15-18). Since movant's own submissions create questions of fact, as above noted, movants' motion for summary judgment is denied.

As movants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see*, *Johnson v. Salaj*, 130 A.D.3d 502, 503 [1st Dept. 2015]; *Che Hong Kim v. Kossoff*, 90 A.D.3d 969 [2d Dept. 2012]). While the Court does not need to address plaintiff's opposition papers, in any event, plaintiff raised a triable issue of fact as to whether movants had actual or constructive notice of the defect and as to the applicability of the *res ipsa loquitur* doctrine through the affidavit of her son Damian Vignold, who witnessed the incident, as well as the videos and photos of the incident (*see* NYSCEF Doc. Nos. 97-98).

As to the aspect of the motion seeking summary judgment dismissing plaintiff's cause of action under the doctrine of *res ipsa loquitur* on the grounds that plaintiff's reliance on it is misplaced, that branch of the motion is denied as movants' own submissions create questions of fact as to its applicability (*see e.g.*, *Morejon v. Rais Const. Co.*, 7 N.Y.3d 203, [2006][holding that issues of material fact existed, including whether the accident even occurred, precluding summary judgment against a construction company under theory of *res ipsa loquitur* where decedent plaintiff was allegedly injured when building material fell from a roof of a house and struck his head] ;*Cole v Mandell Food Stores*, 93 NY2d 34 [1999][holding that the court properly submitted the case to the jury

3

[* 3]

under the *res ipsa loquitur* doctrine, where the plaintiff was injured when a metal roll-up security gate unexpectedly fell and struck plaintiff in the head as he entered defendant's store]; *Greenidge v HRH Constr.*, 279 AD2d 400 [1st Dept 2001][affirming lower court in case where lighting fixture from a ceiling inexplicable fell, holding that the "'the fairest course at this point is to permit this case [to] continue to trial' and thereby submit to the trier of fact the conflicting inferences of, on the one hand, conjecture concerning causation and notice by plaintiff "]; *DiCinberger v 74 Fifth Ave. Owners*, 155 AD2d 327 [1989][in a case of a burst pipe, holding that the lower court properly granted summary judgment based on the doctrine of *res ipsa loquitur* on the basis that it gave rise to a permissible inference of negligence that was not rebutted by evidentiary proof in admissible form]); *see also*, *Banca Di Roma v. Mut. of Am. Life Ins. Co.*, 17 A.D.3d 119, 121 [1st Dept 2005][holding that plaintiff was entitled to a *res ipsa loquitur* charge since exclusive control over instrumentality causing damage did not require elimination of all possible causes of the incident "but simply a rational basis for concluding that it is more likely than not that the injury was caused by defendant's negligence"][internal quotations omitted]).

The branch of defendants' motion to dismiss plaintiff's cause of action under Multiple Dwelling Law § 78 on the grounds that it does not apply to plaintiff as she was a pedestrian and was not a tenant, guest, or invitee at the building, is denied as movant failed to establish as a matter of law, that the statute does not apply (*see*, Multiple Dwelling Law § 78; *Mas v. Two Bridges Assocs. By Nat. Kinney Corp.,* 75 N.Y.2d 680, 687, 554 [1990])(holding that the "owner of a multiple dwelling owes a duty to persons on its premises to maintain them in a reasonably safe condition. This duty is nondelegable and a party injured by the owner's failure to fulfill it may recover from the owner even though the responsibility for maintenance has been transferred to another")(internal citations omitted).

The branch of defendants' motion to dismiss plaintiff's causes of action under Local Laws §§ 10 and 11 and Multiple Dwelling Law § 174 is granted, without opposition, as inapplicable to the facts of this case.

As to that branch of defendant's motion for summary judgment dismissing plaintiff's causes of action under Labor Law §§ 200, 240(1), and 241(6), is granted without opposition. Here, it is undisputed that plaintiff was not engaged in a protected construction activity when she was injured and was not within the class of workers that the Labor Law was enacted to protect.

### *Plaintiff's Cross Motion for Summary Judgment*

Plaintiff cross moves for partial summary judgment on the issue of liability, for sanctions against defendants 1516 Beach and Friedman Management and to strike defendants 1516 Beach and Friedman Management 2nd and 4th affirmative defenses. In support of the motion, plaintiff annexed an affidavit of

4

[* 4]

plaintiff's son Damian Vignold,[3] videos and photos of the incident, and an affidavit of expert Joseph Farahnik, P.E. Defendants 1516 Beach and Friedman Management oppose.

For the reasons stated above, plaintiff's motion as to the issue of liability against defendants 1516 Beach and Friedman Management is denied. As stated above, there remain questions of fact as to whether defendants had notice that the window was defective, whether the falling of the window due to disrepair was reasonably foreseeable, whether any negligence on movants' part was a proximate cause of plaintiff's injuries and issues remain as to the applicability of the *res ipsa loquitur* doctrine.

<u>*Dismissal of Affirmative Defenses*</u>

As to the aspect of the motion seeking to strike defendants' second affirmative defense alleging comparative negligence, and fourth affirmative defense alleging open and obvious, that branch of the motion is denied as the issues of plaintiff's comparative negligence, and whether a condition is open and obvious are questions generally for a jury to decide (*see*, *Rodriguez v. City of New York*, 31 N.Y.3d 312, 325 [2018]; *see also*, *Brown v. Garda CL Atl., Inc.*, 150 A.D.3d 542, 543 (1st Dep't 2017])[holding that the question of whether a condition is open and obvious is generally a question for the jury]; *Centeno v. Regine's Originals, Inc.*, 5 A.D.3d 210, 211 (1st Dept 2004).

<u>*Spoliation*</u>

Plaintiff moves to impose sanctions upon defendants 1516 Beach and Friedman Management for failing to preserve the fallen window sash after the incident, and for failing to preserve documentation of the inspection and repair of the window frame. "To obtain sanctions for spoliation, a party must establish that the non-moving party had an obligation to preserve the item in question, that the item was destroyed with a 'culpable state of mind,' and that the destroyed item was relevant to the party's claim or defense (*Rossi v. Doka USA, Ltd.*, 181 A.D.3d 523, 525–26 [1st Dept 2020])(*citing VOOM HD Holdings LLC v. EchoStar Satellite L.L.C.*, 93 A.D.3d 33, 45 [1st Dept 2012]). Here, there is no indication that the failure to preserve the fallen window sash and the documentation of the inspection and repair of the window frame was willful. In addition, there is no indication that the absence of the same is crucial. Accordingly, the motion for spoliation is denied in its entirety.

The Court has considered the parties remaining arguments and finds them unavailing.

Accordingly, it is hereby

**ORDERED**, that the complaint against defendants Luis Manzo and Marino Nunez is dismissed, it is further,

---

[3]The Court notes that plaintiff submitted an affidavit that is not notarized. The newly amended CPLR § 2106, allows affirmations by "any person" if they are stated "to be true under the penalties of perjury" (*see*, CPLR § 2106). Because this affidavit is in conformity with the requirements of CPLR § 2106, the affidavit will be treated as an affirmation constituting admissible proof for the purposes of this motion.

5

[* 5]

**ORDERED**, that the Clerk of the Court is directed to dismiss the causes of action asserted against defendants Luis Manzo and Marino Nunez, and it is further,

**ORDERED**, that the Clerk of the Court is directed to amend the caption of this action to read as follows:

----------------------------------------------------------------------X

JOAHNNA LUGO, Index №. 20074/2016E

Plaintiff,

-against-

1516 BEACH AVENUE REALTY CORP.,
ALFRED S. FRIEDMAN MANAGEMENT
CORP.,

Defendants.

----------------------------------------------------------------------X

it is further,

**ORDERED**, that defendants' 1516 Beach and Friedman Management motion for summary judgment is granted to the extent that the aspect of the motion seeking summary judgment dismissing plaintiff's causes of action under Multiple Dwelling Law § 174, New York Labor Law §§ 200, 240(1), 241(6) and under Local Laws §§ 10 and 11 are dismissed, it is further,

**ORDERED,** that the Clerk of the Court is directed to dismiss plaintiff's causes of action under action under Multiple Dwelling Law § 174, New York Labor Law §§ 200, 240(1), 241(6) and under Local Laws §§ 10 and 11, it is further,

**ORDERED**, that defendants' 1516 Beach and Friedman Management motion is otherwise denied, and it is further,

**ORDERED**, that plaintiff's cross motion is denied in its entirety.

This constitutes the decision and order of the Court.

Dated: **January 8, 2025** HON. _____

**BIANKA PEREZ, J.S.C.**

---------------------------------------------------------------------------------------------------------------------------------

1. CHECK ONE............................................ ☐ CASE DISPOSED IN ITS ENTIRETY X CASE STILL ACTIVE

2. MOTION IS.............................................. ☐ GRANTED ☐ DENIED X GRANTED IN PART ☐ OTHER

3. CHECK IF APPROPRIATE..................... ☐ SETTLE ORDER ☐ SUBMIT ORDER ☐ SCHEDULE APPEARANCE

☐ FIDUCIARY APPOINTMENT ☐ REFEREE APPOINTMENT

6

[* 6]