■ ANTHONY J. HARRIS, Respondent, v FENTON MORRISON et al., Appellants, et al., Defendants. [851 NYS2d 871]—

Plaintiff showed "sufficient cause . . . why the complaint should not be dismissed" (CPLR 3215 [c]). Acceptance of the excuse offered for the relatively short delay was, under the circumstances, a proper exercise of judicial discretion (*see Pappoe v Custodio*, 156 AD2d 211 [1989]). Concur—Nardelli, J.P., Williams, Sweeny and Catterson, JJ.

■ In the Matter of ANTWONE LEE S. and Another, Children Alleged to be Permanently Neglected. TRACYE W., Also Known as TRACYE S., Appellant; THE CATHOLIC HOME BUREAU FOR DEPENDENT CHILDREN, Respondent. [852 NYS2d 115]—

The finding of permanent neglect is supported by clear and convincing evidence of respondent's failure, notwithstanding the petitioner's diligent efforts, to learn to control her anger and complete all of the programs to which she was referred, and refusal to accept guidance on proper parenting (*see Matter of Alpacheta C.*, 41 AD3d 285 [2007], *lv denied* 9 NY3d 812 [2007]; *Matter of Jah'lil Dale Emanuel McC.*, 44 AD3d 547 [2007]). Termination of respondent's parental rights is supported by a preponderance of the evidence showing that the children, who have been in foster care virtually since birth, have bonded with a foster parent who provides for their special needs and desires to adopt, and that respondent continues to have problems controlling her anger and does not have suitable housing (*see Matter of Shaka Efion C.*, 207 AD2d 740 [1994]). Concur—Nardelli, J.P., Williams, Sweeny and Catterson, JJ.