■ In the Matter of DEIME ZECHARIAH LUKE M. and Others, Infants. SHARON TIFFANY M., Appellant; CARDINAL MCCLOSKEY SERVICES, Respondent. [978 NYS2d 125]—

Order of fact-finding and disposition, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about November 26, 2012, which terminated respondent mother's parental rights to the subject children upon a finding of permanent neglect and transferred custody and guardianship of the children to Cardinal McCloskey Services and the Commissioner of Social Services of the City of New York for the purposes of adoption, unanimously affirmed, without costs.

Throughout the relevant period, the mother was incarcerated and subject to an eight-year order of protection precluding contact with the children, following her guilty plea to an assault charge related to the underlying neglect proceedings. Nevertheless, the agency established by clear and convincing evidence that it made diligent efforts to strengthen the parent-child relationship, including developing an appropriate service plan tailored to the situation, regularly updating the mother on the children's progress and continually reminding her to comply with the requirements of the service plan. Despite the agency's efforts, however, the mother failed to comply with critical components of the service plan, including her failure to request and obtain a mental health evaluation during her incarceration despite being advised to do so, to provide documentation of completion of services through the WINGS program, and to provide alternate resources for the care of the children in light of her incarceration (*see Matter of Adaliz Marie R. [Natividad G.]*, 78 AD3d 409 [1st Dept 2010]; *Matter of Antwone Lee S.*, 49 AD3d 276 [1st Dept 2008]).

The mother also lacked insight into her behavior and failed to accept any responsibility for the severe physical abuse of one of the subject children, which affected the other children who were present, and led to their removal and to her incarceration (*see Matter of Irene C. [Reina M.]*, 68 AD3d 416 [1st Dept 2009]).

Moreover, the court properly drew a negative inference from the mother's failure to testify or to present evidence to rebut the agency's case (*see Matter of Jeremy H. [Logann K.]*, 100 AD3d 518 [1st Dept 2012]). According deference to the Family Court's findings as to the credibility, character, and temperament of the mother and other witnesses, we find that the evidence adduced at the fact-finding hearing supports the Family Court's finding of permanent neglect (*see Matter of Marie J.*, 307 AD2d 265 [2d Dept 2003]).

At a dispositional hearing after a finding of permanent neglect, the Family Court must make its determination based on the best interests of the children (*see* Family Ct Act § 631). The mother contends that the Family Court should have suspended judgment for one year pursuant to Family Court Act § 633 to prepare her to be reunited with the children (*see Matter of Michael B.*, 80 NY2d 299, 311 [1992]). Here, however, notwithstanding the mother's recent efforts to avail herself of certain services offered to her since her release from prison, she has failed to demonstrate any progress toward gaining insight into the needs or care of the children, and failed to accept any responsibility for her behavior which led to their removal, such

that returning the children to her would be a risk to their well-being.

Moreover, the children have not resided with the mother since 2008, and have bonded with their respective foster families and homes, where they are well cared for and wish to remain. In addition, the children, all of whom have special needs, are receiving necessary therapy, services and medication in their foster homes. On the other hand, the evidence demonstrated that the mother lacked knowledge, insight and understanding into the respective needs and care of the children. Thus, the finding that termination of the mother's parental rights is in the children's best interests is supported by a preponderance of the evidence (*see Matter of Ibrahim B.*, 57 AD3d 382 [1st Dept 2008]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Freedman and Clark, JJ.