■ JOHN SANDERS, Appellant, v NABIL H. AZIZ, Respondent. — Order, Supreme Court, New York County (Edward Greenfield, J.), entered July 8, 1983, which granted reargument and adhered to its prior determination granting defendant's motion to dismiss the action as abandoned pursuant to CPLR 3215 (subd [c]) and denying plaintiff's cross motion for an inquest upon defendant's default in appearing, unanimously modified, on the law, on the facts and in the exercise of discretion, without costs or disbursements, to deny defendant's motion to dismiss on condition that plaintiff's attorney pay costs in the sum of $250 within 20 days of the date of the order on this appeal, and to extend defendant's time to answer to 30 days from the date of the said order and otherwise affirm. Upon the failure of counsel to comply with the condition, the order is affirmed, with costs and disbursements. The appeal from the order (same court), entered April 7, 1983, is dismissed as superceded by the appeal from the order of July 8, 1983, without costs. ¶ The action was commenced on October 21, 1981, by service of process upon defendant's automobile liability insurer and by ordinary mail to defendant's last known residence pursuant to an order issued under CPLR 308 (subd 5). Plaintiff sought to recover for personal injuries sustained by him when, on December 1, 1979, defendant's vehicle climbed the sidewalk and struck plaintiff and other pedestrians and then left the scene. He suffered a comminuted open fracture of the midshaft of the right tibia and fibula and a nondisplaced fracture of the left distal fibula. On November 24, 1982, one year, one month and three days after commencement of the action, plaintiff sought to proceed to inquest upon defendant's default in appearing or answering, whereupon defendant moved to dismiss pursuant to CPLR 3215 (subd [c]) and plaintiff cross-moved to direct an assessment of damages. Special Term, holding that the action had been abandoned, found insufficient plaintiff's excuse for failing to take proceedings for the entry of judgment within one year after the default. ¶ It is clear from the occurrence that a meritorious claim exists. It is equally clear that no legal or other prejudice resulted to defendant from the minimal period of delay, which apparently resulted from the erroneous conclusion by counsel that CPLR 2103 (subd [b], par 2) afforded an additional three-day period to proceed to inquest. Under the circumstances, we exercise our discretion to excuse the default on the condition provided. The excuse offered distinguishes this case from that in either *Valentin v Rinder* (65 AD2d 716) or *Perricone v City of New York* (96 AD2d 531), relied upon by defendant. In addition, the existence of a meritorious claim, the absence of any legal prejudice and the relatively short delay reinforce our determination that, in the interests of justice, the action should proceed to a disposition on the merits. Concur — Carro, J. P., Asch, Fein, Milonas and Kassal, JJ.