■ ROOSEVELT WOODWARD, Appellant, v CITY OF NEW YORK et al., Defendants, and CHARLES OESTRICH et al., Respondents. —In a medical malpractice action, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated July 12, 1984, which denied his motion for leave to enter a default judgment against the defendants Charles Oestrich and "John" Schulman, and granted the cross motion of the defendants Oestrich and Schulman to dismiss the complaint as against them.

Order modified, by deleting the words "granted, and the action is dismissed as against the defendants Oestrich and Schulman. (CPLR 3215 (c))", and substituting therefor the word "denied". As so modified, order affirmed, without costs or disbursements. The respondents' time to answer the complaint is extended until 30 days after service upon them of a copy of the order to be made thereon, with notice of entry.

According to the plaintiff, he was examined in 1980 at the eye clinic of the Elmhurst Hospital Center in Queens and was told at that time that something was wrong with his left eye. The plaintiff had never experienced any difficulties with the vision in his left eye, but agreed to undergo a trabeculectomy, allegedly based on the recommendations of the staff at the eye clinic that such an operation was necessary. On or about April 19, 1980, the operation was, according to the plaintiff, performed on the plaintiff's left eye by the defendant Dr. "John" Schulman (actually Dr. Martin Schulman). The plaintiff claims that, following the operation, his eyesight became much worse, and, in fact, he was told by the Elmhurst Hospital Center staff that he would need a second operation in order to remove a cataract. In May 1980, this second operation was, according to the plaintiff, performed at the Elmhurst Hospital Center by the defendant Dr. Oestrich. Following that operation, the plaintiff's eyesight rapidly deteriorated until he became completely blind in the left eye.

The instant malpractice action was commenced on or about November 1982. On or about January 12, 1983 and February 2, 1983, respectively, the plaintiff, allegedly, personally served the defendants Oestrich and Schulman with summonses with notice. In March 1983 the Corporation Counsel of the City of New York submitted an answer on behalf of the defendants the City of New York, New York City Health and Hospitals Corporation, Dr. Martin Leopold and Dr. Robert Ritch. However, no answer was submitted on behalf of the defendant Doctors Oestrich and Schulman.

In March 1984, slightly more than one year after the defendants' time to answer had expired, the plaintiff moved for leave to enter a default judgment against the defendants Oestrich and Schulman. As his excuse for having failed to bring the motion within the one-year statutory period *(see,* CPLR 3215 [c])*, the plaintiff asserted that throughout 1983 his attorneys had carried on a "dialogue" with the office of the Corporation Counsel as to whether or not it would represent the two defaulting doctors.

The Corporation Counsel appeared for the defaulting doctors (the respondents), in response to the plaintiff's motion, and filed a cross motion on their behalf, *inter alia,* for dismissal of the complaint as against them on the ground that the motion for leave to enter a default judgment was untimely pursuant to CPLR 3215 (c). The defendants Oestrich and Schulman contended that the plaintiff's claim that he was waiting for the Corporation Counsel's office to make a determination on the issue of representation of the defaulting doctors was not a sufficient reason to prevent the dismissal of the complaint as abandoned; however, the defendants Oestrich and Schulman did not deny that the discussions to which the plaintiff referred had taken place.

We disagree with Special Term's granting of the cross motion, and find that the complaint should be reinstated.

Having failed to move for a default judgment within one year following the default of the defendants Oestrich and Schulman in answering, the plaintiff, in order to avoid dismissal of his action pursuant to CPLR 3215 (c), was required to demonstrate the merits of his cause of action, and to proffer an excuse for his delay *(see, Grosso v Hauch,* 99 AD2d 750). Here, unlike many of the cases which have arisen under the statute *(see, e.g., Winkelman v H & S Beer & Soda Discounts,* 91 AD2d 660, 661; *Valentin v Rinder,* 65 AD2d 716; *Baldwin v St. Clare's Hosp.,* 63 AD2d 761), the plaintiff submitted an affidavit of merit which was uncontested by the defendants Oestrich and Schulman, and it is clear that his claim is meritorious *(see, e.g., Sanders v Aziz,* 101 AD2d 734). Furthermore, the plaintiff's proffered excuse, that there were discussions taking place with the office of the Corporation Counsel to determine whether it would represent the defendants Oestrich and Schulman, was sufficient under the circumstances of this case. It is undisputed that such discussions had taken place, and the Corporation Counsel, who had timely appeared on behalf of all of the defendants except Oestrich and Schulman, promptly appeared and represented these defendants for

the purposes of this motion. Given the existence of a meritorious claim, and the absence of any legal prejudice to them *(cf. Perricone v City of New York,* 62 NY2d 661, 663; *Watt v New York City Tr. Auth.,* 97 AD2d 466), the complaint should be reinstated as against the defendants Oestrich and Schulman *(see, Sanders v Aziz, supra).* Lazer, J. P., Bracken, Brown and Kooper, JJ., concur.