■ CHRISTOPHER FAZIO, Respondent, v C.B. WAREHOUSING, INC., Defendant, and INTERNATIONAL FORWARDING SYSTEMS, INC., Doing Business as ATLAS MOVING AND STORAGE, Appellant. (And a Third-Party Title.)—In a negligence action to recover damages for personal injuries, the defendant International Forwarding Systems, Inc., doing business as Atlas Moving and Storage (hereinafter Atlas), appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated August 14, 1986, as denied its

motion pursuant to CPLR 3215 (c) to dismiss the plaintiff's second amended complaint as against it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements. The appellant's time to answer the plaintiff's second amended complaint is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry.

We cannot say that it was an abuse of discretion for the court to deny the appellant's motion to dismiss the second amended complaint on account of the plaintiff's failure to seek a default judgment *(cf., Rosenbaum v Ace Tr. Corp.,* 112 AD2d 210). The plaintiff submitted an affidavit of merits which was uncontested by Atlas *(see, Woodward v City of New York,* 119 AD2d 749). Moreover, it appears that long before expiration of the one-year period specified in CPLR 3215 (c) *(cf., Monzon v Sony Motor,* 115 AD2d 714), confusion arose as to whether the nondefaulting codefendant's attorney, retained pursuant to a liability insurance policy naming both defendants as insureds, would also appear on behalf of Atlas *(cf., Woodward v City of New York, supra).* Under the circumstances presented, including the existence of a meritorious claim and the apparent lack of prejudice *(cf., Woodward v City of New York, supra),* it was not improper to deny Atlas's motion. Thompson, J. P., Brown, Rubin and Harwood, JJ., concur.