■ MARIE MANAGO et al., Respondents, v STEVEN W. GIORLANDO et al., Defendants, and ALEXANDER ARENSTEIN, Appellant.—In an action to recover damages for personal injuries, etc., the defendant Arenstein appeals from so much of an order of the Supreme Court, Queens County (Zelman, J.), dated November 17, 1987, as granted that branch of the plaintiffs' motion which required him to serve an answer in the primary action and denied his cross motion to dismiss the plaintiffs' complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs and Arenstein entered into an agreement extending Arenstein's time to answer the complaint sine die. Almost five years after the commencement of the action, the

plaintiffs moved, *inter alia,* to compel Arenstein to serve an answer or in the alternative, set the matter down for an inquest. Arenstein contends that the plaintiffs' inordinate delay in demanding his answer warrants a finding that they abandoned the action. We disagree.

An action is deemed abandoned where a default has occurred and where a plaintiff has failed to seek a default judgment within one year after the default (CPLR 3215 [c]). Under such circumstances, to avoid dismissal of the complaint as abandoned, the plaintiffs must offer a reasonable excuse for their delay and must demonstrate that their complaint is meritorious *(see, Eaves v Ocana,* 122 AD2d 18). However, in the instant case, the parties' agreement extending, sine die, Arenstein's time to answer precluded the plaintiffs from seeking a default judgment against him within the statutory period *(see, Keen v Keen,* 140 AD2d 311). Moreover, the plaintiffs' verified complaint established that their causes of action were meritorious *(see, Grosso v Hauck,* 99 AD2d 750). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.