■ ERIC PAPPOE, Respondent, v ISRAEL CUSTODIO, Defendant, and NEW YORK ZONE WAREHOUSE, INC., Appellant.— Order, Supreme Court, Bronx County (Bertram Katz, J.), entered June 16, 1989 which, upon renewal, granted plaintiff's motion for a default judgment to the extent of setting the matter down for an inquest and assessment of damages and which denied in its entirety defendant's cross motion to dismiss the complaint pursuant to CPLR 3215 (c) or, alternatively, for leave to serve an answer is unanimously affirmed, with costs and disbursements.

Although plaintiff's action became subject to dismissal after the passing of one year from the time of defendant's default (CPLR 3215 [c]; *Perricone v City of New York,* 62 NY2d 661), the record indicates a forebearance by plaintiff so as to allow defendant's insurance carrier to investigate and defend in this automobile negligence action. The affidavit of merit by plaintiff is uncontested *(see, Woodward v City of New York,* 119 AD2d 749) and the excuse for delay offered by plaintiff's counsel indicates activity well within the one-year period specified in CPLR 3215 (c). *(See, Fazio v C.B. Warehousing,* 133 AD2d 737, 738; *cf., Monzon v Sony Motor,* 115 AD2d 714.) It is patently obvious that the delay herein was occasioned by the inability of defendant New York Zone Warehouse, Inc. to locate its driver, the named, but unserved, party. Upon the record before us, we cannot say that the granting of the default judgment was an abuse of discretion. Concur—Sullivan, J. P., Ross, Carro, Milonas and Ellerin, JJ.