■ JOSEPH INGENITO et al., Appellants, v GRUMMAN CORPORATION et al., Respondents, et al., Defendant. [596 NYS2d 83] — In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Colby, J.), dated October 1, 1991, which (1) granted the motion of the defendant Contract Alterations Corporation to dismiss the complaint pursuant to CPLR 3215 (c) insofar as it is asserted against it, (2) denied the plaintiffs' cross motion for leave to enter judgment against Contract Alterations Corporation upon its default in answering, and (3) denied the plaintiff's motion for leave to amend the summons and complaint to substitute Grumman Aerospace Corporation for the defendant Grumman Corporation.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Contract Alterations Corporation and substituting therefor a provision denying that motion, and by deleting the provision thereof denying the plaintiffs' cross motion and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff,

payable by Contract Alterations Corporation, and the matter is remitted to the Supreme Court, Nassau County, for entry of a default judgment against Contract Alterations Corporation.

The plaintiff Joseph Ingenito was injured when he fell off a scaffold while working on a construction site. On or about August 18, 1988, the plaintiffs served a summons and complaint upon Grumman Corporation, whom it believed to be the owner of the construction site, and Contract Alterations Corporation, the general contractor. Grumman Corporation answered and denied ownership of the building where the construction occurred and denied entering into a construction contract with Contract Alterations Corporation. On or about May 24, 1991, upon learning that Grumman Aerospace Corporation was the owner of the building where the accident occurred and a party to the construction contract, the plaintiffs moved, pursuant to CPLR 305 (c), to amend the summons and complaint to substitute Grumman Aerospace Corporation for Grumman Corporation.

Contract Alterations Corporation neither appeared nor served an answer. From December 30, 1988, to June 25, 1990, the plaintiffs' attorney mailed several letters and made telephone calls to Contract Alterations Corporation and its insurance carrier, General Accident Insurance Co., inquiring as to when he would receive an answer. In April 1991 the plaintiffs' attorney spoke with an employee of General Accident Insurance Co., who informed him that the matter had been sent to its outside counsel, McDonald & O'Connor. Later that month, McDonald & O'Connor moved, pursuant to CPLR 3215 (c), on behalf of the Contract Alterations Corporation to dismiss the complaint for failure to enter a default judgment. The plaintiffs cross-moved for leave to enter a default judgment against Contract Alterations Corporation.

An action is deemed abandoned where a default has occurred and where a plaintiff has failed to seek a default judgment within one year after the default (CPLR 3215 [c]). Under such circumstances, to avoid dismissal of the complaint as abandoned, the plaintiffs must offer a reasonable excuse for their delay and must demonstrate that their complaint is meritorious (see, Eaves v Ocana, 122 AD2d 18; Manago v Giorlando, 143 AD2d 646, 647). In this case, the plaintiffs did not abandon the action. Further, they had sufficient cause for the delay in entering a default judgment (see, Pappoe v Custodio, 156 AD2d 211; Rosenbaum v Ace Tr. Corp., 112 AD2d 210). Forbearance by the plaintiffs to allow Contract Alterations Corporation and its insurance carrier time to investigate

the accident is a sufficient cause for delay *(see, Rosenbaum v Ace Tr. Corp., supra)*. Further, the plaintiffs' verified complaint was sufficient to demonstrate the meritorious nature of their cause of action *(see, Manago v Giorlando,* 143 AD2d 646, *supra)*. Accordingly, the motion by Contract Alterations Corporation to dismiss the complaint insofar it is asserted against it pursuant to CPLR 3215 (c) is denied and the plaintiffs' cross motion for leave to enter a default judgment is granted *(see,* CPLR 3215 [a]; *Amar Jit Singh v Kalish,* 153 AD2d 621, 625).

As for the plaintiffs' separate motion for leave to amend the summons and complaint, leave to amend pursuant to CPLR 305 (c) should be granted where "(1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought" *(Ober v Rye Town Hilton,* 159 AD2d 16, 20). The plaintiffs herein have failed the first part of this test. The record clearly shows, and the plaintiffs admit, an employee of Grumman Corporation was served with process. For the plaintiffs to have succeeded on this motion they would have had to have served Grumman Aerospace Corporation with their summons and complaint which named Grumman Corporation, thus obtaining jurisdiction over Grumman Aerospace Corporation. They did not. Accordingly, the Supreme Court did not obtain jurisdiction over Grumman Aerospace Corporation; therefore, the court could not add it as a party to the action *(see, Ober v Rye Town Hilton, supra; Simpson v Kenston Warehousing Corp.,* 154 AD2d 526).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.