■ GLORIA RIVERA, Appellant, v SAMUEL SHLAGBAUM, Respondent. [612 NYS2d 68] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Huttner, J.), dated September 10, 1992, as (1) denied her motion for leave to place the action on the trial calendar by filing a note of issue and certificate of readiness for inquest, and (2) granted the defendant's cross motion to dismiss the complaint for failure to enter a timely default judgment.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is granted, the defendant's cross motion is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

The plaintiff commenced this action by serving the defendant with a summons and complaint on June 8, 1990. The defendant neither appeared nor served an answer. From May 30, 1991, to October 30, 1991, the plaintiff's attorney mailed letters and made telephone calls to the defendant's insurer inquiring when an answer would be interposed. In June 1991, the insurer's adjuster told the plaintiff's attorney that he was in the process of obtaining the relevant file and that he would get back to the plaintiff in three or four weeks. In October 1991, the same adjuster informed the plaintiff's attorney that he still did not have the plaintiff's file. The plaintiff subsequently moved to place the matter on the trial calendar by filing a note of issue and certificate of readiness for inquest. The defendant cross-moved pursuant to CPLR 3215 (c) to dismiss the complaint on the ground of abandonment. The Supreme Court denied the plaintiff's motion, granted the defendant's cross motion, and dismissed the complaint. We reverse.

In *Ingenito v Grumman Corp.* (192 AD2d 509), we held that

forbearance by a plaintiff to allow a defendant's insurance carrier time to investigate an accident is a sufficient cause for delay in entering a default judgment and that such forbearance satisfies the requirements of CPLR 3215 (c). In addition, the plaintiff in this case submitted an affidavit of merit in the Supreme Court which was uncontested by the defendant *(see, Woodward v City of New York,* 119 AD2d 749). Accordingly, the plaintiff's motion to place the matter on the trial calendar by filing a note of issue and certificate of readiness for inquest is granted, and the defendant's cross motion to dismiss the complaint is denied *(see,* CPLR 3215 [a]; *Ingenito v Grumman Corp., supra; Singh v Kalish,* 153 AD2d 621, 625). Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.