■ BANK OF NEW YORK, Respondent, v HARRISON M. GRAY et al., Defendants, and NICHOLAS KATOS, Appellant. [643 NYS2d 422]

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the appellant's contention, the Supreme Court acted properly in denying his motion pursuant to CPLR 3215 (c) to dismiss. The record fully supports the court's conclusion that the plaintiff actively took proceedings for the entry of judgment within one year after the default and thereby complied with the statute (*see generally, Q.P.I. Rests. v Slevin,* 93 AD2d 767). In any event, the evidence clearly demonstrates the merits of the plaintiff's claim and sufficient cause for any alleged delay (*see generally, Rivera v Shlagbaum,* 204 AD2d 524; *Hoffmann v Salitan,* 203 AD2d 91).

The appellant's remaining contentions and requests for alternative relief were not raised in the court of first instance and therefore are not properly before us (*see, Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757; *Nelson v Times Sq. Stores Corp.,* 110 AD2d 691). Mangano, P. J., Sullivan, Altman and Hart, JJ., concur.