■ CURTIS RICHARDS, Respondent, v GARY D. LEWIS, Appellant, et al., Defendant. [663 NYS2d 233] —In an action to recover damages for personal injuries, the defendant Gary D. Lewis appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Garson, J.), dated October 16, 1996, as denied that branch of his motion which was to dismiss the complaint pursuant to CPLR 3215 (c) insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the appellant's motion which was to dismiss the complaint pursuant to CPLR 3215 (c) insofar as asserted against him is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

An action is deemed abandoned when a default has occurred and when a plaintiff has failed to seek a default judgment within one year after the default (*see,* CPLR 3215 [c]). To avoid dismissal of the complaint as abandoned under such circum-

stances, the plaintiff must offer a reasonable excuse for the delay and demonstrate the merits of the complaint (*see, Ingenito v Grumman Corp.,* 192 AD2d 509, 510; *Manago v Giorlando,* 143 AD2d 646, 647; *Eaves v Ocana,* 122 AD2d 18).

Although the plaintiff provided a sufficient explanation for his failure to seek a default judgment against the appellant (*see, Rivera v Shlagbaum,* 204 AD2d 524; *Ingenito v Grumman Corp., supra; Corbin v Wood Pro Installers,* 184 AD2d 234; *Hinds v 2461 Realty Corp.,* 169 AD2d 629, 632), he did not establish the merits of his complaint since the verification of the complaint was made by the plaintiff's attorney rather than the plaintiff himself. Therefore, the appellant's motion to dismiss the complaint as abandoned should have been granted (*see, Blades v Butler Cab Corp.,* 176 AD2d 698; *Cousins v Grant,* 166 AD2d 494). Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.