■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Appellant, v ORAL C. PATRICK, Respondent, et al., Defendants. [25 NYS3d 364]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Dear, J.), dated November 6, 2013, which denied its motion for leave to enter a default judgment against the defendants and for an order of reference, and granted the cross motion of the defendant Oral C. Patrick to vacate his default in answering the complaint and to dismiss the complaint insofar as asserted against him for failure to comply with the notice provisions of the mortgage.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for leave to enter a default judgment against the defendants and for an order of reference is granted, and the cross motion of the defendant Oral C. Patrick to vacate his default in answering the complaint and to dismiss the complaint insofar as asserted against him is denied.

"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing" (*BAC Home Loans Servicing, LP v Reardon*, 132 AD3d 790 [2015] [internal quotation marks omitted]; *see* CPLR 3215 [f]; *U.S. Bank N.A. v Poku*, 118 AD3d 980, 981 [2014]; *Diederich v Wetzel*, 112 AD3d 883 [2013]; *Green Tree Servicing, LLC v Cary*, 106 AD3d 691, 692 [2013]). Here, the plaintiff met all of these requirements. "The affidavits of service proffered by the plaintiff constitute prima facie evidence of proper service of the summons and complaint upon the defendants" (*U.S. Bank N.A. v Poku*, 118 AD3d at 981; *see Carver Fed. Sav. Bank v Supplice*, 109 AD3d 572 [2013]; *Deutsche Bank Natl. Trust Co. v Jagroop*, 104 AD3d 723, 724 [2013]; *Bank of N.Y. v Espejo*, 92 AD3d 707, 708 [2012]). Further, the affirmation of counsel and the affidavit of the plaintiff's servicing agent, together with the power of attorney demonstrating the authority of the agent to act on behalf of the plaintiff, provided proof of the facts constituting the claim, and proof of the defendants' default in answering the complaint (*see* CPLR 3215 [f]; *U.S. Bank N.A. v Poku*, 118 AD3d at 981; *Green Tree Servicing, LLC v Cary*, 106 AD3d at 692; *CWCapital Asset Mgt., LLC v Great Neck Towers, LLC*, 99 AD3d 850, 851 [2012]; *Aames Capital Corp. v Ford*, 294 AD2d 134 [2002]).

To defeat the plaintiff's facially adequate CPLR 3215 motion, and to be relieved of his default in answering the complaint, the defendant mortgagor, Oral C. Patrick (hereinafter the defendant), had to establish that he had a reasonable excuse for his default and a potentially meritorious defense to the action (*see Diederich v Wetzel*, 112 AD3d at 884; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013]; *Wassertheil v Elburg, LLC*, 94 AD3d 753 [2012]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (*Deutsche Bank Trust Co. Ams. v Marous*, 127 AD3d 1012, 1012 [2015]; *see BAC Home Loans Servicing, LP v Reardon*, 132 AD3d at 790; *Mannino Dev., Inc. v Linares*, 117 AD3d 995 [2014]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2010]). Here, the Supreme Court determined that the defendant had offered no reasonable excuse for his failure to serve a timely answer in the action. As this determination was a provident exercise of discretion, it was unnecessary to consider whether the defendant sufficiently demonstrated the existence of a potentially meritorious defense (*see BAC Home Loans Servicing, LP v Reardon*, 132 AD3d at 790; *HSBC Bank USA, N.A. v Lafazan*, 115 AD3d 647, 648 [2014];

*Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d at 890). Accordingly, the Supreme Court should have granted the plaintiff's motion for leave to enter a default judgment against the defendants and for an order of reference, and should have denied the defendant's cross motion to vacate his default in answering the complaint and to dismiss the complaint insofar as asserted against him (*see Green Tree Servicing, LLC v Cary*, 106 AD3d at 692).

In light of our determination, we need not reach the parties' remaining contentions. Dillon, J.P., Hall, Roman and Duffy, JJ., concur.