BANK OF NEW YORK MELLON, Formerly Known as THE BANK OF NEW YORK, as Trustee for CHASE MORTGAGE FINANCE TRUST SERIES 2006-S2, Respondent, v ARIF IZMIRLIGIL, Appellant, et al., Defendants. [44 NYS3d 44]—

In an action, inter alia, to foreclose a mortgage, the defendant Arif Izmirligil appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Suffolk County

(Whelan, J.), dated March 26, 2015, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against him upon his failure to appear or answer the complaint and for an order of reference, denied that branch of his cross motion which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against him as abandoned, and denied his motion for recusal, and (2) so much of an order of the same court, also dated March 26, 2015, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against him upon his failure to appear or answer the complaint and for an order of reference.

Ordered that the appeal from so much of the first order dated March 26, 2015, as denied the motion of the defendant Arif Izmirligil for recusal is dismissed as academic; and it is further,

Ordered that the appeal from so much of the first order dated March 26, 2015, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Arif Izmirligil upon his failure to appear or answer the complaint and for an order of reference is dismissed, as those portions of the order were superseded by the second order dated March 26, 2015; and it is further,

Ordered that the first order dated March 26, 2015, is affirmed insofar as reviewed; and it is further;

Ordered that the second order dated March 26, 2015, is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for an order of reference, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, and so much of the first order dated March 26, 2015, as granted that branch of the plaintiff's motion which was for an order of reference is vacated; and it is further,

Ordered that one bill of costs is awarded to the appellant.

In 2009, the plaintiff commenced this action to foreclose a mortgage executed by the defendant Arif Izmirligil (hereinafter the defendant) to secure a note in the principal sum of $1.1 million. On a prior appeal, this Court affirmed an order denying the defendant's motion pursuant to CPLR 5015 (a) (1) to vacate his default in appearing or answering the complaint (*see Bank of N.Y. Mellon v Izmirligil*, 88 AD3d 930 [2011]). Thereafter, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant cross-moved, inter alia, pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against him as abandoned. The Supreme Court granted those

branches of the plaintiff's motion and denied that branch of the defendant's cross motion.

The failure to timely seek a default on an unanswered complaint or counterclaim may be excused if "sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215 [c]). This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious (*see Maspeth Fed. Sav. & Loan Assn. v Brooklyn Heritage, LLC*, 138 AD3d 793 [2016]; *Giglio v NTIMP, Inc.*, 86 AD3d 301, 308 [2011]). The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court (*see Whiteside v Manfredi*, 132 AD3d 851 [2015]; *Giglio v NTIMP, Inc.*, 86 AD3d at 308; *Butindaro v Grinberg*, 57 AD3d 932 [2008]). Here, the plaintiff showed a reasonable excuse for the delay and a potentially meritorious cause of action. Thus, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the defendant's cross motion which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against him as abandoned (*see Maspeth Fed. Sav. & Loan Assn. v Brooklyn Heritage, LLC*, 138 AD3d at 794; *Countrywide Home Loans, Inc. v Brown*, 19 AD3d 638 [2005]; *Bank of N.Y. v Gray*, 228 AD2d 399 [1996]; *cf. Ohio Sav. Bank v Decaudin*, 129 AD3d 925 [2015]; *Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749 [2014]).

The plaintiff demonstrated its prima facie entitlement to a default judgment against the defendant by submitting proof of service of a copy of the summons and complaint, proof of the facts constituting the claim, and proof of the defendant's default in answering the complaint (*see* CPLR 3215 [f]; *HSBC Bank USA, N.A. v Traore*, 139 AD3d 1009, 1011 [2016]; *Deutsche Bank Natl. Trust Co. v Patrick*, 136 AD3d 970, 971 [2016]). The defendant contends that the plaintiff failed to demonstrate its prima facie entitlement to a default judgment by submitting proof of the facts constituting the claim (*see* CPLR 3215 [f]) since its agent had no personal knowledge of when the note came into the plaintiff's possession. Contrary to the defendant's contention, since he defaulted in appearing or answering the complaint and failed to demonstrate grounds for vacating his default, he is precluded from asserting, in essence, the plaintiff's lack of standing as a defense. Accordingly, it was unnecessary for the plaintiff to demonstrate that it had standing to commence this action in order to establish its entitle-

ment to a default judgment (*see US Bank N.A. v Dorestant*, 131 AD3d 467, 470 [2015]).

" 'To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense' " (*id.* at 470, quoting *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013]). The defendant does not dispute that there was a default, and this Court's determination on the prior appeal that he failed to establish a reasonable excuse for his default (*see Bank of N.Y. Mellon v Izmirligil*, 88 AD3d at 931) constitutes the law of the case (*see Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC*, 134 AD3d 683, 684 [2015]). Absent a showing of subsequent evidence or change of law, or extraordinary circumstances warranting a departure from the law of the case—none of which is present here—the defendant is precluded from having this issue reconsidered (*see Congel v Malfitano*, 141 AD3d 64, 70 [2016]).

Although the plaintiff demonstrated its entitlement to an order of reference by producing the mortgage, the unpaid note, and evidence of the defendant's default thereunder (*see Loancare v Carter*, 139 AD3d 817, 818 [2016]; *Deutsche Bank Natl. Trust Co. v Otano*, 129 AD3d 770, 771 [2015]), the failure of its counsel to file with the Supreme Court an affirmation confirming the accuracy of the plaintiff's pleadings as required by Administrative Order AO/431/11 of the Chief Administrative Judge of the Courts warranted denial of that branch of its motion which was for an order of reference (*see Bank of N.Y. Mellon v Izmirligil*, 144 AD3d 1063 [2016] [decided herewith]; *Wells Fargo Bank, N.A. v Hudson*, 98 AD3d 576, 578 [2012]).

We dismiss the appeal from so much of the first order dated March 26, 2015, as denied the defendant's motion for recusal in light of the defendant's representation that the denial of his recusal motion "is now moot and need not be considered by this Court." Rivera, J.P., Austin, Sgroi and Duffy, JJ., concur. 