HSBC Bank USA N.A. v Rothbeind (2020 NY Slip Op 00332)





HSBC Bank USA N.A. v Rothbeind


2020 NY Slip Op 00332


Decided on January 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 16, 2020

526690

[*1]HSBC Bank USA National Association, as Trustee, Respondent,
v
Samuel Rothbeind, Appellant, et al., Defendants.

Calendar Date: December 17, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Reynolds Fitzgerald, JJ.


Zimmerman Law, PC, Huntington Station (Michael A. Zimmerman of counsel), for appellant.
Greenberg Traurig, LLP, New York City (Steven Lazar of counsel), for respondent.



Clark, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered February 15, 2018 in Ulster County, which, among other things, granted plaintiff's motion for a default judgment.
In 1998, defendant Samuel Rothbeind (hereinafter defendant) executed a promissory note as attorney-in-fact for his mother, Irene Rothbeind (hereinafter Rothbeind), in favor of M & T Mortgage Corporation, which was secured by a mortgage on certain real property in the Village of New Paltz, Ulster County. In 2005, Rothbeind transferred the real property to herself and defendant as joint tenants with rights of survivorship. Several years later, in 2009, Rothbeind defaulted on the note. The mortgage was thereafter assigned to Wells Fargo Bank, N.A., which commenced a mortgage foreclosure action against Rothbeind and defendant, among others. However, after the mortgage was assigned to plaintiff and plaintiff commenced a second foreclosure action, the first foreclosure action was dismissed upon motion by Wells Fargo. Rothbeind subsequently passed away and the second foreclosure action was dismissed pursuant to CPLR 3215 (c) for plaintiff's failure to take a default judgment within a year of the default.
In September 2015, prior to dismissal of the second action, plaintiff commenced the instant foreclosure action. After several attempts to personally serve defendant at his Florida residence, defendant was served by the "nail and mail" method of service in November 2015. Nevertheless, defendant failed to answer or otherwise appear in the action. However, in September 2017, after nearly two years of procedural inaction, defendant moved for an order dismissing the complaint pursuant to CPLR 3215 (c) for plaintiff's failure to take a default judgment within one year or, in the alternative, for an order deeming his proposed answer to have been filed and served and dismissing the action as barred by the statute of limitations. Plaintiff opposed the motion and, in November 2017, moved for a default judgment and an order of reference. Supreme Court, among other things, granted plaintiff a default judgment and issued an order of reference, prompting this appeal by defendant.
Pursuant to CPLR 3215 (c), where a "plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." To avoid dismissal under CPLR 3215 (c), a plaintiff must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that the cause of action has merit (see Checksfield v Berg, 148 AD3d 1376, 1376-1377 [2017], appeal dismissed and lv denied 29 NY3d 1044 [2017], cert denied ___ US ___, 139 S Ct 151 [2018]; Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1067, 1069 [2016]).
Plaintiff asserted that its delay in taking a default judgment within one year of defendant's default on December 10, 2015 was attributable to its need to correct the prior assignment of mortgage so that it could obtain an affidavit of indebtedness from the loan servicer to support a motion for a default judgment. However, plaintiff provided no excuse as to why the corrected assignment of mortgage and affidavit of indebtedness — standard documents in mortgage foreclosure actions — could not be obtained within the statutory one-year period. Moreover, plaintiff did not move for a default judgment until November 2017 — roughly 11 months after execution of the corrected assignment of mortgage on December 13, 2016 (one year and three days after the default) and nearly eight months after plaintiff obtained an affidavit of indebtedness from the loan servicer in March 2017. Plaintiff did not provide any explanation whatsoever to account for the delay in seeking a default judgment once it had obtained the corrected assignment of mortgage and affidavit of indebtedness. Supreme Court did not expressly address the reasonableness of plaintiff's excuse for the delay and, under all of these circumstances, we find that the proffered excuse was insufficient to explain plaintiff's nearly two-year delay in taking a default judgment (see HSBC Bank USA, N.A. v Guevara, 170 AD3d 684, 685-686 [2019]; JBBNY, LLC v Begum, 156 AD3d 769, 772 [2017]; Ryant v Bullock, 77 AD3d 811, 812 [2010]). Accordingly, Supreme Court should have granted defendant's motion to dismiss the complaint as abandoned (see CPLR 3215 [c]; Checksfield v Berg, 148 AD3d at 1377).
Defendant's remaining arguments have been rendered academic by our determination.
Lynch, J.P., Mulvey, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, plaintiff's motion denied, defendant Samuel Rothbeind's motion granted and complaint dismissed, without prejudice.