Merilus v Nassau Inter County Express (NICE) (2020 NY Slip Op 05500)





Merilus v Nassau Inter County Express (NICE)


2020 NY Slip Op 05500


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-00130
 (Index No. 603191/17)

[*1]Marie A. Merilus, respondent, 
v
Nassau Inter County Express ("NICE"), et al., defendants, Jean Daniel, et al., appellants.


Nancy L. Isserlis (Saretsky Katz & Dranoff, LLP, New York, NY [Ashley S. Rajakaruna], of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Jean Daniel and Calixte Ulysse appeal from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered November 30, 2018. The order, insofar as appealed from, denied those defendants' motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned and granted that branch of the plaintiff's cross motion which was, in effect, to direct them to answer the complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In April 2017, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident. The defendants Jean Daniel and Calixte Ulysse (hereinafter together the appellants) failed to appear or answer the complaint. The plaintiff failed to move for the entry of a default judgment within one year after the appellants' default, as required by CPLR 3215(a). However, prior to the expiration of the one-year period, the plaintiff sent a letter to the appellants' insurance carrier to inform it of the default. Shortly after one year from their default, the appellants moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. The plaintiff cross-moved for leave to enter a default judgment against the appellants or, in the alternative, in effect, to direct the appellants to answer the complaint. In an order dated November 30, 2018, the Supreme Court, inter alia, denied the appellants' motion and granted that branch of the plaintiff's cross motion which was, in effect, to direct the appellants to answer the complaint.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." However, the failure to timely seek a default may be excused if sufficient cause is shown why the complaint should not be dismissed (see Giglio v NTIMP, Inc., 86 AD3d 301, 307-308). To show sufficient cause, the plaintiff must proffer a reasonable excuse for the delay in timely moving for a default judgment and demonstrate a potentially meritorious cause of action (see Bank of Am., N.A. v Santos, 175 AD3d 449, 450). The determination of whether an excuse is reasonable lies within the sound discretion of the Supreme Court (see Giglio v NTIMP, Inc., 86 AD3d at 308; [*2]Butindaro v Grinberg, 57 AD3d 932).
Here, the letter from the plaintiff's counsel to the appellants' insurance carrier prior to the one-year deadline evinced an intent not to abandon the action (see Ingenito v Grumman Corp., 192 AD2d 509, 510-511). Further, the Supreme Court providently exercised its discretion in accepting the plaintiff's excuse for the delay based on law office failure (see CPLR 2005; Ferreira v Singh, 176 AD3d 782, 784; Kohn v Kohn, 86 AD3d 630). In addition, the plaintiff, through the verified complaint and her affidavit, demonstrated a potentially meritorious cause of action (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 70-71; Ingenito v Grumman Corp., 192 AD2d at 511; Rafiq v Weston, 171 AD2d 783, 784; see also Vanderbilt Mtge. & Fin., Inc. v Ammon, 179 AD3d 1138).
Accordingly, we agree with the Supreme Court's determination denying the appellants' motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned and granting that branch of the plaintiff's cross motion which was, in effect, to direct the appellants to answer the complaint.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court