Jacobson v Val (2022 NY Slip Op 03891)

Jacobson v Val

2022 NY Slip Op 03891

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2020-00439

[*1]Taisiya Aleksandrovna Jacobson, appellant,
v
Anna Val, etc., respondent, et al., defendants. (File No. 2370/05)

Dealy Silberstein & Braverman, LLP, New York, NY (Laurence Lebowitz of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, which was transferred from the Supreme Court, Kings County, to the Surrogate's Court, Kings County, the plaintiff appeals from an order of the Surrogate's Court, Kings County (Margarita López Torres, S.), dated May 31, 2019. The order denied the plaintiff's motion for leave to enter a default judgment against the defendant Anna Val, individually and as administrator of the estate of Alexander Bebko, and granted that defendant's cross motion to extend her time to file and serve an answer.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against, among others, the defendant Anna Val, individually and as administrator of the estate of Alexander Bebko (hereinafter the defendant). The plaintiff thereafter moved for leave to enter a default judgment against the defendant on the ground that the defendant had failed to serve a timely answer. The defendant opposed the motion and cross-moved to extend her time to file and serve an answer. The Surrogate's Court denied the motion and granted the cross motion. The plaintiff appeals.
"A defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Bank of Am., N.A. v Viener, 172 AD3d 795, 796; see Patel v New York City Tr. Auth., 199 AD3d 925, 926). In determining if there is a reasonable excuse for a default, several relevant factors should be taken into consideration, "including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Harcztark v Drive Variety, Inc., 21 AD3d 876, 877; see JE & MB Homes, LLC v U.S. Bank N.A., 189 AD3d 1195, 1196). "The court has discretion to accept law office failure as a reasonable excuse where the claim is supported by a detailed and credible explanation of the default" (Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252 [citation omitted]; see Muhammed v Federal Express Corp., 199 AD3d 695, 695).
Here, the Surrogate's Court providently exercised its discretion in determining that the defendant's excuse for her delay in answering due to law office failure was reasonable. The defendant's attorney explained in his affirmation that he failed to make an entry in his office calendaring system (see Ferreira v Singh, 176 AD3d 782, 784; Bank of N.Y. Mellon v Faragalla, [*2]174 AD3d 677, 678-679; B & H Fla. Notes LLC v Ashkenazi, 172 AD3d 433, 434; Riccardi v Otero, 33 AD3d 571, 572; Dokmecian v ABN AMRO N. Am., 304 AD2d 445, 445). Moreover, given the strong public policy in favor of resolving cases on the merits, the absence of prejudice to the plaintiff, and the defendant's lack of intent to abandon the case, the court acted properly in denying the plaintiff's motion for leave to enter a default judgment against the defendant and in granting the defendant's cross motion to extend her time to file and serve an answer (see Colucci v Gardiners Props., 187 AD3d 844, 846; Merilus v Nassau Inter County Express [NICE], 187 AD3d 739, 740; Hamilton v New York Hosp. Queens, 183 AD3d 621, 623; Mid-Hudson Props., Inc. v Klein, 167 AD3d 862, 864-865). Furthermore, the record sufficiently establishes the existence of a potentially meritorious defense.
The plaintiff's contention regarding the defendant's failure to include an affidavit of merit in opposition to the plaintiff's motion and in support of her cross motion is improperly raised for the first time on appeal (see Storchevoy v Blinderman, 303 AD2d 672, 673; Whitler Contr. Corp. v City of N.Y. [Rehabilitation of Fence & Walls], 161 AD2d 484).
BARROS, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court