Byzfunder NY LLC v Scoobyy Trucking Inc. (2024 NY Slip Op 50585(U))

[*1]

Byzfunder NY LLC v Scoobyy Trucking Inc.

2024 NY Slip Op 50585(U)

Decided on May 16, 2024

Supreme Court, Nassau County

Kapoor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2024
Supreme Court, Nassau County

Byzfunder NY LLC d/b/a TANDEM ADVANCE, Plaintiff,

against
Scoobyy Trucking Inc. d/b/a SCOOBYY TRUCKING and 
 JAVIER ALEJANDRO ROMERO PEREZ, Defendants.

Index No. 608687/2022 

 

Sarika Kapoor, J.

NYSCEF document numbers 33-38 were read and considered in deciding this motion.
Relief Requested
Plaintiff moves pursuant to CPLR 3215 for leave to enter a default judgment against defendant Scoobyy Trucking Inc. d/b/a Scoobyy Trucking (hereinafter "Scoobyy") in the amount of $53,194, plus pre-judgment interest at 9% from July 05, 2023, through the entry of judgment, plus cost and disbursements in the amount of $455. Despite proof of proper service, the instant motion remains unopposed.

 Background
The plaintiff and the defendant Scoobyy entered into an agreement pursuant to which the plaintiff purchased from Scoobyy future accounts receivables valued at $40,500 for the purchase price of $27,000. Scoobyy's obligations under the contract were personally guaranteed by the defendant Javier Alejandro Romero Perez (hereinafter "Perez").
According to the complaint, after the plaintiff paid $27,000 to Scoobyy, Scoobyy only partially performed its contractual obligations, by remitting only $1,620 to the plaintiff, leaving a balance of unremitted accounts receivables in the sum of $38,880. The complaint also alleges that, under the agreement, Scoobyy is liable for a default fee in the amount of $2,500, and NSF [*2]fees in the amount of $150, and attorney fees in the amount of $11,664, making the balance due after fees $53,194. The complaint alleges one cause of action against Scoobyy: breach of contract.
Perez, appearing pro se, submitted an answer on behalf of himself individually and purportedly on behalf of Scoobyy. In the decision and order previously rendered on motion sequence 001, this Court deemed the answer purportedly asserted on behalf of Scoobyy a nullity (see Boente v Peter C. Kurth Off. of Architecture, 113 AD3d 803, 804 [2d Dept 2023]; see CPLR 321[a]).

Motion Sequence 002
By Notice of Motion dated December 12, 2023, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against Scoobyy. In an attorney affirmation submitted in support of the motion, counsel for the plaintiff asserted, among other things, that Scoobyy was personally served, and failed to answer or otherwise appear. Attached as an exhibit to the attorney affirmation was, among other things, a copy of the contract wherein, the parties agreed, inter alia, that the contract would be governed by New York law, to waive personal service, and that service would be effective and complete if sent by registered mail return receipt requested to the mailing address listed on the contract.[FN1]

Also attached to the attorney affirmation was an affidavit of service dated August 12, 2022, which confirmed that, on August 3, 2022, the summons, complaint, notice of electronic filing, and exhibits were personally served on Scoobyy by leaving the aforementioned papers with the owner of Scoobyy.[FN2]
The plaintiff also submitted an "affidavit of additional mailing" dated December 12, 2023. This affirmation of additional mailing indicated that on December 12, 2023, the summons, complaint, notice of electronic filing, and exhibits were mailed to the address provided in the contract.
No opposition has been filed.

 Discussion
On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff is required to file proof of: (1) service of a copy or copies of the summons and the complaint, (2) the facts constituting the claim, and (3) the defendant's default (see CPLR 3215[f]).
In seeking a default judgment, a movant must take proceedings within one year of the defaulting party's default. The one-year timeline for taking proceedings is calculated from when the defendant's answer was due on the original complaint (MTGLQ Investors, L.P. v Shay, 190 AD3d 527 [1st Dept 2021]; NYCTL-2017 Trust v Heirs-at-Law of Ghiselli, 74 Misc 3d 1217[a], [*3][Sup. Ct. Bronx County 2022]). Pursuant to CPLR 3215(c), if a plaintiff "fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (see Iorizzo v Mattikow, 25 AD3d 762, 763 [2d Dept 2006]). In order to avoid the dismissal of the complaint as abandoned under such circumstances, the plaintiff must offer a reasonable excuse for the delay and demonstrate the merits of the complaint (see Richards v Lewis, 243 AD2d 615, 663 [2d Dept 1997]; Ingenito v Grumman Corp., 192 AD2d 509, 510 [2d Dept 1993]; Manago v Giorlando, 143 AD2d 646, 647 [2d Dept 1988]; Eaves v. Ocana, 122 AD2d 18 [2d Dept 1986]).
However, "as long as proceedings are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal" (Brown v Rosedale Nurseries, 259 AD2d 256, 257 [1st Dept 1999] [alterations and internal quotation marks omitted]; see U.S. Bank, N.A. v Duran, 174 AD3d 768, 770 [2d Dept 2019]). Since the plaintiff demonstrated that it initiated proceedings for the entry of a judgment within one year after the defendants' default, it was not required to proffer a reasonable excuse or demonstrate a potentially meritorious cause of action (US Bank National Association v Jerriho—Cadogan, 224 AD3d 788 [2d Dept 2024] [finding that the Supreme Court should not have, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c)]; Citimortgage, Inc. v Zaibak, 188 AD3d 982, 983 [2d Dept 2022]).
Therefore, the Court turns to whether the plaintiff demonstrated its entitlement to the relief sought. In support of its motion, plaintiff submitted an attorney affirmation, a copy of the summons and verified complaint, along with affidavits of service documenting adequate service on Scoobyy. Based upon the papers submitted herewith, this Court finds that the defendants were properly served, and that the plaintiff has asserted meritorious causes of action.
By failing to controvert plaintiff's claims, the statements made in the attorney affirmation submitted in support of the instant motion are deemed admitted by Scoobyy (Kuehne & Nagel, Inc. v Baiden, 36 NY2d 539 [1975]; McNamee Const. Corp. v City Of New Rochelle, 29 AD3d 544 [2d Dept 2006]; Bell Atl. Yellow Pages Co. v Padded Wagon, Inc., 292 AD2d 317 [1st Dept 2002]). Having submitted proof of service of the summons and verified complaint with exhibits on Scoobyy, the facts constituting the claims against Scoobyy, and Scoobyy's default in answering or appearing in this action (Atlantic Cas Ins., Co. v RJNJ Servs., Inc., 89 AD3d 649 [2d Dept 2011]; HSBC Bank USA, N.A. v Betts, 67 AD3d 735 [2d Dept 2009]), plaintiff's motion for leave to enter a default judgment is GRANTED.

 Conclusion
It is hereby,
ORDERED, that Plaintiff is awarded a default judgment against Scoobyy, pursuant to CPLR 3215, in the amount of $53,194, plus pre-judgment interest at 9% from July 05, 2023, through the entry of judgment, plus cost and disbursements in the amount of $455.
All other relief not specifically addressed by this Court is DENIED.
This shall constitute the Decision and Order of the Court.
Submit judgment on notice.
Dated: May 16, 2024
Mineola, New York
E N T E R:
HON. SARIKA KAPOOR, A.J.S.C.

Footnotes

Footnote 1:
 The Court notes that the affidavit of service for Scoobyy indicates that the corporation was personally served. Although the agreement provided that personal service was waived, and that service would be effective and complete if sent by certified or registered mail, return receipt requested to the mailing address listed on the agreement, or via email to the email address listed on the agreement, the Court finds that personal service, a method of service authorized by the CPLR, is acceptable.

Footnote 2:Perez is the owner of Scoobyy and is therefore authorized to receive service on behalf of Scoobyy.