CTour Holiday LLC v Citic Intl (USA) Travel Inc. (2024 NY Slip Op 50976(U))

[*1]

CTour Holiday LLC v Citic Intl (USA) Travel Inc.

2024 NY Slip Op 50976(U)

Decided on July 29, 2024

Supreme Court, Nassau County

Kapoor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 29, 2024
Supreme Court, Nassau County

CTour Holiday LLC, CTOUR HOLIDAY (CANADA) LTD., and JUPITER LEGEND CORPORATION, Plaintiff,

against
Citic Intl (USA) Travel Inc., Defendants.

Index No. 603613/2023

Sarika Kapoor, J.

NYSCEF document numbers 3-24 were read and considered in deciding this motion.
Relief Requested
Plaintiffs move pursuant to CPLR 3215 for (a) leave to enter a default judgment against defendant; (b) awarding CTour Holiday LLC (hereinafter "CTour") compensatory damages in the amount of $11,148 with interest thereon from September 20, 2022; (c) awarding CTour Holiday (Canada) (hereinafter "Holiday") compensatory damages in the amount of $5,682.79 with interest thereon from February 18, 2022; and (d) awarding plaintiff Jupiter Legend Corporation (hereinafter "Jupiter") compensatory damages in the amount of $11,802.63 plus interest thereon from November 30, 2022 in addition to $5,725 in legal fees and $455 in costs and disbursements.
Defendant cross-moves pursuant to CPLR 3215(c) dismissing the complaint, or, in the alternative, denying the plaintiffs' motion for leave to enter a default judgment.
Background
According to the complaint, this action stems from various contracts entered into between plaintiffs and defendants for tourism services. On or about October 2, 2017, Jupiter and defendant entered into a written contract wherein the parties agreed that defendant would solicit prospective travelers to book tour packages offered by Jupiter, with the fees to be split between the two parties. In or around early 2018, defendant entered into oral agreements with CTour and Holiday with similar terms to the contract entered into between defendant and Jupiter.
Plaintiffs allege that from January 2019 to April 2020, multiple clients received plaintiffs' services, however, despite multiple attempts to collect their portions of the fees, defendant did [*2]not fulfill its obligations under their respective contracts. Plaintiffs allege that despite multiple demands for payment, defendant has not paid the amounts due and owing to plaintiffs.
The complaint alleges seven causes of action: breach of contract and for an account stated for each of the three plaintiffs and for conversion by all plaintiffs. Defendant has not interposed an answer to the complaint.
Motion Sequences 001 and 002
By Notice of Motion dated April 16, 2024, plaintiffs moved pursuant to CPLR 3215 for leave to enter a default judgment against defendant. In an attorney affirmation submitted in support of the motion, counsel for the plaintiffs asserted, among other things, that the defendant was properly served and failed to answer.
Also attached to the attorney affirmation was an affidavit of service dated March 16, 2023, which indicates that, on March 16, 2023, the summons, complaint, notice of electronic filing, and exhibits were served on the defendants via the secretary of state (see Business Corporation Law § 306). Notably, no affidavit of additional mailing was filed (see CPLR 3215[g][4][i]-[ii]).
Also submitted in support of motion sequence 001 is a copy of the written contract between Jupiter and defendant.
In opposition to motion sequence 001 and in support of motion sequence 002, counsel for defendant submits in an attorney affirmation, inter alia, that CPLR 3215(c) necessitates the dismissal of the complaint for plaintiffs' failure to timely move for leave to enter a default judgment within the one-year timeframe prescribed by the CPLR. Counsel for defendant also asserts that even if the plaintiffs' had moved in a timely manner, defendant has a reasonable excuse for the default and that a potentially meritorious defense to the action exists.
In opposition to motion sequence 002, counsel for plaintiffs asserts that plaintiffs properly served defendant via the secretary of state and that defendant's cross motion to dismiss is "frivolous" because any delays were minor, caused no prejudice to defendant, and that plaintiff has "pursued their claims diligently."
Discussion
In seeking a default judgment, a movant must take proceedings within one year of the defaulting party's default. The one-year timeline for taking proceedings is calculated from when the defendant's answer was due on the original complaint (MTGLQ Investors, L.P. v Shay, 190 AD3d 527 [1st Dept 2021]; NYCTL-2017 Trust v Heirs-at-Law of Ghiselli, 74 Misc 3d 1217[a], [Sup. Ct. Bronx County 2022]). Pursuant to CPLR 3215(c), if a plaintiff "fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (see Iorizzo v Mattikow, 25 AD3d 762, 763 [2d Dept 2006]; CPLR 3215[c]). In order to avoid the dismissal of the complaint as abandoned under such circumstances, the plaintiff must offer a reasonable excuse for the delay and demonstrate the merits of the complaint (see Richards v Lewis, 243 AD2d 615, 663 [2d Dept 1997]; Ingenito v Grumman Corp., 192 AD2d 509, 510 [2d Dept 1993]; Manago v Giorlando, 143 AD2d 646, 647 [2d Dept 1988]; Eaves v. Ocana, 122 AD2d 18 [2d Dept 1986]).
Here, as is notably undisputed by the plaintiffs, service was effectuated on March 16, 2023 and that defendant's answer was due on April 15, 2023. Consequently, the one-year period to bring a motion for leave to enter a default judgment expired on or about April 15, 2024. Plaintiffs did not file their notice of motion until April 17, 2024, approximately two days after the one-year timeframe imposed by the CPLR expired. Moreover, contrary to plaintiffs' contentions, there is nothing that suggests that plaintiffs "pursued their claims diligently" or took proceedings of any kind in the time between the time the complaint was served and the filing of motion sequence 001. In fact, there was nothing filed on NYSCEF between March 24, 2023 and the notice of motion filed April 17, 2024.
Furthermore, "when a default judgment based upon non-appearance is sought against a domestic or authorized foreign corporation which has been served pursuant to [Business Corporation Law § 306(b)], an affidavit shall be submitted that an additional service of the summons by first class mail has been made upon the defendant corporation at its last known address at least twenty days before the entry of judgment" (see CPLR 3215[g][4][i]). Compliance with CPLR 3215(g)(4) is required for the court to grant a motion by the plaintiff[s] for a default judgment (Schilling v Maren Enters., 302 AD2d 375 [2d Dept 2003]; Bono v. DuBois, 121 AD3d 932 [2d Dept 2014]).
Here, plaintiffs served defendant pursuant to Business Corporation Law § 306 but failed to submit an affidavit indicating adherence with the additional mailing required by the CPLR. Notably, in an attorney affirmation submitted in support of motion sequence 001 and in opposition to motion sequence 002, counsel for plaintiffs argue that service was complete "upon delivery of the summons and complaint to the Secretary of State" (NYSCEF Doc. 21, ¶ 6). This contention is plainly incorrect. Even if plaintiffs' motion was timely filed and even if plaintiffs demonstrated sufficient cause as to why the complaint should not be dismissed (see Richards v Lewis, 243 AD2d at 616), their motion would nonetheless be denied as service was improper under the provisions of CPLR 3215 (see CPLR 3215[g][4][i]-[ii]).
For the reasons set forth herein, the instant action is herewith dismissed as abandoned (see CPLR 3215[c]; Kay Waterproofing Corp. v Ray Realty Fulton, Inc., 23 AD3d 624, 625 [2d Dept 2005]).
Conclusion
It is hereby,
ORDERED, that plaintiffs' motion for leave to enter a default judgment pursuant to CPLR 3215 against defendant is DENIED; and it is further,
ORDERED, that defendant's cross-motion pursuant to CPLR 3215(c) to dismiss the complaint is GRANTED; and it is further,
ORDERED, that the complaint is herewith DISMISSED.
All other relief not specifically addressed by this Court is DENIED.
This shall constitute the Decision and Order of the Court.
The matter is disposed.
Dated: July 29, 2024
Mineola, New York
[*3]E N T E R:
HON. SARIKA KAPOOR, A.J.S.C.